WHITE *vs.* CASE.

Where a party *guarantees* the *collection* of a note, and the *maker*, before it falls due, *removes from the state*, the holder is not bound to pursue the maker, but may resort to his action on the warranty; in such case, however, the holder must show that he has availed himself of the remedies afforded by the laws of the state, to recover the money of the maker—such as the suing out of an *attachment* under the *absent debtor act.*

ERROR from the Oswego common pleas. W. and J. White sued Case before a justice, on a note for $10, made by Case payable to *bearer*, and on a *guaranty* given by Case on a note for $30 drawn by one Hanford, bearing date 1st March, 1831, payable to *bearer* six months after date. The *guaranty* was in these words: " Value received ; I hereby guarantee the collection of the within note;" which was endorsed on the $30 note, and signed by Case. A witness for the plaintiffs testified that Hanford *removed out of the state* about the time the note given by him became due ; the precise time of his removal he could not state, but he had the impression it was sometime in the month of *August.* The justice rendered judgment for $46,$\frac{83}{100}$ damages, and for $\frac{84}{100}$ costs. The defendant ant sued out a *certiorari*, and upon the above facts being returned by the justice, the common pleas of *Oswego affirmed* the justice's judgment for $12,$\frac{10}{100}$ the amount of the first note with the interest thereof, and *reversed* the residue of the judgment ; and in pursuance of the statute, 2 *R. S.* 257, § 257, allowing the court of common pleas to award costs as to them shall seem just, where a judgment is *affirmed in part*, the common pleas of Oswego awarded $18,75 (being *three-fourths* of $25) costs in favor of *Case*, the party suing out the *certiorari.* The plaintiffs below sued out a writ of error.

*W. F. Allen*, for the plaintiffs in error, insisted that the *removal from the state* of the *maker* of the note authorized a suit upon the guaranty, without a previous attempt to *collect* the money from the maker ; insisting that upon a second con-

NEW YORK, struction of the contract of guaranty, it cannot be intended
May, 1835. that it was within the contemplation of the parties that the
White    holders should pursue the maker wheresoever he might go.
v.
Case.

  *D. H. Marsh,* for defendant in error, insisted that the departure of the maker from the state did not excuse the holders from attempting to collect the money of the maker by due course of law. The guarantor undertook the money should be collectable; not that the maker should remain within the state; it was therefore the duty of the holders of the note to pursue the maker, and on failure to collect the money of him by due course of law, but not before, they might call upon the guarantor. For aught appearing in this case, the maker is amply able to pay. The duty to collect the money, by the very terms of the contract, appertains to the holders of the note; and why should it be cast upon the guarantor by the removal of the maker, against which he had not warranted.

  *By the Court,* NELSON, J. The question presented by this case is, what is the true construction of the guaranty? It is clear, if, according to the true construction of the terms of the guaranty, *legal proceedings against the maker* must be had before the holder can call upon the *guarantor,* that nothing can dispense with such proceedings but the act of the guarantor himself. The liability does not arise until the precedent condition is performed. The act of God, or of the law, cannot vary the terms upon which the guarantor agreed to become liable. It is a part of the consideration which cannot and should not be dispensed with, by either of these acts. *Comyn's Digest, tit. Condition, D.* 1. *Ibid. Action, Assumpsit, G. Bacon's Abr. tit. Condition, M. Co. Litt.* 206. *Ughtreds's case,* 7 *Co.* 1. *Fonblanque,* 400. 2 *Vern.* 340. *Powell on Contr.* 265. 19 *Johns. R.* 71. 6 *Cowen,* 624. The question then arises whether *legal proceedings against the maker* are *indispensable* as a condition precedent, according to the true meaning of the contract. The term *collection* may undoubtedly imply such proceedings; but might not circumstances exist to excuse their omision, independently of any interference of the de-

ant himself, within the meaning of the contract? The in-
tent of the guaranty was to secure the payment of the note,
and a suit at law is only a means of accomplishing it. If the
means are expressly prescribed in the contract, as in *Moakley*
v. *Riggs*, 19 *Johns. R.* 69, and *Thomas* v. *Wood* 4 *Cowen*,
173, they must be complied with, being a part of the contract,
provided the party is within the jurisdiction of the state. If it
is impracticable to use the ordinary means of coercing pay-
ment, in consequence of the defendant being gone to parts un-
known, or beyond the reach of legal proceedings in the state,
a reasonable construction of the terms of the contract and of
the intent of the parties would control the implied obligation
which,upon the face of the guaranty, was *prima facie* impos-
ed. The term *collection* alone is equivocal,and should receive
an interpretation in reference to the subject matter of the con-
tract, and the situation or condition of the maker. It would
be, I think, too much to say, from the terms used, that the
parties understood that the only test of liability of the guaran-
tor was a suit at law against the principal. A more reasona-
ble and probable construction would seem to be, that the
guarantor intended to warrant that the note could be collect-
ed in that way—that is, by suit—and which must imply not
only ability on the part of the maker to pay, but that he would
be in a situation to be sued within the jurisdiction of the state
in which the contract was made. So in the common case,
where by the guaranty the party is obligated to pay *after due
course of law*, the contract reasonably and fairly implies an
undertaking, on the part of the guarantor, that the principal
will be in a situation to be sued, or, in other words, within
the jurisdiction of the state, so that he may be sued when the
demand becomes due.

It does not, however, appear in this case but that the note
could have been collected by proceedings at law. The only
evidence of the departure of the maker from the state was
hearsay; but if he in fact departed from the state, for aught
that appears, a resort to legal proceedings, such as an attach-
ment under the *absent* and absconding debtor act, might have
insured the collection of the money. The plaintiffs therefore

NEW YORK, failed in laying a proper foundation for their action against
the defendant, and the judgment of the common pleas must
be affirmed.