## MOSIER *vs.* WAFUL.

The defendant, on transferring to the plaintiff the note of a third person, then past due, guarantied its collection, provided due diligence should be used. Subsequently, he requested the plaintiff to give time, and forbear to sue the maker; which request was never withdrawn, or countermanded. The maker absconded, and went to Canada, where he remained, leaving property in this State, liable to the payment of the debt. *Held* that the plaintiff, before he could recover upon the guarranty, was bound to exhaust his remedy against the maker, by suing him to judgment, in this State, and collecting what he could upon the execution.

The plaintiff, after the maker of the note absconded, issued a summons for the purpose of commencing a suit against him, and obtained an order of the court directing service thereof by publication, and that a copy of the summons and complaint be deposited in the post-office, directed to the maker, if his residence could be ascertained; or that personal service be made on him. *Held* that a compliance with such order was necessary, to complete the service of the process, and to give the court jurisdiction of the action; and that without such compliance the subsequent proceedings, and a judgment entered thereon, were void as against the guarantor.

APPEAL from an order made at a special term, setting aside a verdict for the plaintiff and granting a new trial.

*J. F. Starbuck*, for the appellant.

*L. H. Brown*, for the respondent.

*By the Court*, FOSTER, J. The defendant transferred to the plaintiff, in part payment of a mortgage, a note of some $600 against one Amos Potter, Jr., then past due, and guarantied the collection thereof, upon which guaranty this action was brought. The cause was tried at the Jefferson county circuit, in October, 1864, before Justice Morgan and a jury. The guaranty upon the note was in the words following: "For value received, I do hereby guaranty the collection of the within note, providing the holder of the said note shall use due diligence for the collection, this 23d day of May, 1863. (Signed) HEMAN WAFUL."

It was proved, and the jury found, that after the making and delivery of the guaranty by the defendant to the plain-

Mosier *v*. Waful.

tiff, the defendant requested the plaintiff to give time and forbear to sue the maker. That the defendant never withdrew or countermanded that request; and that while the plaintiff was so forbearing to sue, the maker, about the middle of December, 1863, absconded and went to Canada, where he remained.

The jury found a verdict for the plaintiff, for the full amount due upon the note, and upon motion at the special term, the court granted a new trial, mainly on the ground that the plaintiff did not show a valid judgment against the maker of the note.

The first question is, was the plaintiff bound to obtain a judgment and issue an execution against the maker, before he could collect the amount of the guarantor. There is no doubt of the general rule, that upon a guaranty of collection the holder must exhaust his remedy against the principal debtor, before resorting to the guarantor. But the appellant claims that in a case like this, the rule is different, and cites several adjudged cases to show that he was not bound to sue the maker of the note, before resorting to the guaranty. I think, however, that those cases do not support the proposition; but, on the contrary, that the plaintiff was bound, if there was any property of the maker, in this State, liable to the payment of the debt, first to exhaust that, before suing the defendant.

The findings of the jury subject the parties to the same rules as would apply in case the guaranty was made, and the maker of the note absconded, before it matured, and the authorities cited apply to such a case; the first of them, *White* v. *Case*, (13 *Wend.* 543,) instead of being an authority in support of the appellant's proposition, is to the contrary thereof. When that case arose, a suit could not be commenced in this State against one who resided, and continued, in a foreign country; and while the court there held it was not necessary to commence a suit, they

decided that if the maker had property liable to attachment, it was the duty of the holder to exhaust the property so liable, before he could sue on the guaranty. The case of *Cooke* v. *Nathan* (16 *Barb.* 342) decides that when a party, on transferring a note, guaranties its collection, and the maker, before it becomes due, absconds from the State, *leaving no property here*, the holder is not bound to follow him out of the State nor to issue an attachment, or commence any action against him, before suing the guarantor.

The case of *Thomas* v. *Woods* (4 *Cowen*, 173) merely decides that the holder of paper, the collection of which is guarantied, is only required to use reasonable diligence, to collect it of the maker, before resorting to the guarantor; and the other case, *Lamorieux* v. *Hewitt*, (5 *Wend*. 307,) so far as it is applicable to the case before us, is confined to the question of *laches* in regard to the time of commencing the suit against the maker.

In this case it appeared that the maker of the note, at the time he left this State, owed more than he was able to pay, but it also appeared that the plaintiff, after he left, issued a summons, for the purpose of commencing a suit against him, and obtained an order for publication, and published the same in two newspapers, and at the same time procured an attachment, which was levied upon property of the maker, as appeared by the return of the sheriff, to the amount of $315, so that, *prima facie*, the maker had property liable to the payment of the debt in question. It was also proved on the cross-examination of Potter, who was a witness for the plaintiff, that when he went to Canada he left personal property to the amount of over $400 where he had resided.

I think, therefore, the plaintiff was bound to first exhaust his remedy against the maker, by suing him to judgment in this State, and to collect what he could upon the execution.

The next question is, has the plaintiff exhausted the remedy which he had against the maker, before commencing his action against the guarantor?

The order of this court, which directed service of the summons by publication, also required that a copy of the summons and complaint be forthwith deposited in the post-office, directed to the said Amos Potter, Jr., if his residence can be ascertained; or that personal service of the said summons and complaint be made on the said defendant. No proof is found in the judgment roll, either that the copy of the summons and complaint was so deposited, or personally served upon the defendant therein, or that his residence could not be ascertained.

If that defect in the judgment roll is merely an irregularity in the proceedings to obtain the judgment, it could only be taken advantage of by the defendant therein, and the defendant in this suit could not object to it; but if a compliance with such order was necessary to complete the service of the process, and necessary to give the court jurisdiction of the action, then the subsequent proceedings and judgment entered thereon are void, and the present action cannot be maintained.

I think it clear that the court did not acquire jurisdiction in the case of the plaintiff against Potter, and that the judgment rendered in that case is not valid as against this defendant.

A question was raised as to the validity of the execution, which was issued on the judgment; but if I am right in reference to the two questions which I have considered, then it follows that the verdict, which was for the whole amount due upon the note, was erroneous, and the order of the special term setting it aside and granting a new trial was correct.

The order of the special term should be affirmed.

[ONONDAGA GENERAL TERM, January 1, 1867. *Bacon, Foster* and *Mullin* Justices.]