29   79
92  555

MICHAEL GILLIGHAN & *al. versus* CHARLES BOARDMAN.

Where one transfers a note and, at the same time, guarantees its payment, the consideration for the transfer is a sufficient consideration for the guaranty.

It is not necessary that a contract should contain a statement of its consideration.

A guaranty to pay a note after the guarantee has obtained execution, if it cannot be collected of the maker, is valid, although the execution be obtained in the name of an indorsee of the guarantee. In such a case the guarantor before suit against him, is not entitled to notice that the note could not be collected of the maker. A guarantor is not discharged by the laches of the guarantee, unless he has thereby suffered some loss or injury.

SHEPLEY J. — This suit is upon a guaranty made by the defendant on November 19, 1836, of a promissory note, made

by C. C. Cushman on May 31, 1836, payable to the defendant or order on demand, and by him indorsed to the plaintiffs without recourse, at the time when the guaranty was made. The case is presented upon an agreed statement of the facts. Several grounds of defence are relied upon.

1. It is said, there is no proof of consideration. When a guaranty is made at the same time with the principal contract, both constituting the ground of credit to the principal debtor, the consideration of the principal contract is a sufficient consideration for the guaranty. *Huntress* v. *Patten*, 20 Maine R. 28. When the guaranty is made subsequently, there must be proof of a different consideration to support it. *Ware* v. *Adams*, 24 Maine R. 177.

The defendant, it may be clearly inferred from the language of the guaranty, received a valuable consideration for the transfer of the note to the plaintiffs; for he therein makes himself accountable for it to them, if it could not be collected in the manner prescribed. The restricted indorsement and guaranty made at the same time, the former being expressly referred to in the latter, constitute one agreement, by which the property in the note was transferred to the plaintiffs with the guaranty of the defendant and without any right to call upon him as an indorser. It was not therefore the note alone, but the note with the guaranty, that constituted the consideration of purchase by the plaintiffs. This case is distinguished from that of *Ware* v. *Adams*, by the facts proved in that case, that the defendant was not the owner of the note indorsed by him with a guaranty; that it was made payable to him by mistake; and that he transferred it, only to pass the legal property in it to the plaintiff, who was before the equitable owner of it. In that case the defendant received no consideration for such a transfer of the note. In this case the defendant appears to have been the owner of the note, and to have transferred it to the plaintiffs for a valuable consideration received for the transfer made by the indorsement with the guaranty.

2. It is objected that the consideration upon which it was made, is not expressly stated in the guaranty. There is a well

known difference in the decisions of the different State tribunals, respecting this matter. The doctrine maintained in England is received in the State of New York and in some of the other States, that the consideration for a promise to pay the debt of another must appear on the face of the instrument containing the promise. That doctrine has not been received and is not the law in this State, and the cases cited to sustain it are without authority here.

3. It is insisted that the condition upon the performance of which the defendant agreed to be accountable for the note has not been performed.

He stipulated in the guaranty to be accountable for it, if it could not be collected of the maker, " after they have obtained execution against him."

It is contended, that a strict compliance is necessary, and that the defendant is not liable without proof, that the plaintiffs have obtained an execution against the maker issued in their own names.

Guarantors may prescribe the terms upon which alone they will become liable, and they are entitled to insist upon a strict compliance with those terms. This, however, does not prevent the legal rules of construction from being applicable to such contracts, for the purpose of ascertaining what the intentions of the parties were, and what the legal effect of their contract is. Hence it will be found stated in the case of *Holl* v. *Hadley*, 2 Ad. & El. 758, cited by the counsel for another purpose, that parties are not bound according to the letter of a contract of guaranty, but by what the " agreement virtually is." This, like other contracts, must receive such a construction as will carry into effect the intentions of the parties. When these are apparent, the effect of the instrument must not be destroyed by requiring a strict compliance according to the letter, and not according to the spirit, especially when it appears to have been drawn by an unskillful hand. If the true construction of the guaranty be such as to require, that an execution should be issued in the plaintiffs' own names, the defendant could not have been made responsible upon it, if one or both of the

plaintiffs had deceased before a judgment could be recovered. And it is obvious that it could not have been the intention of the parties that the defendant should be discharged by such occurrences. The note was indorsed by the defendant without any restriction of its negotiability. The indorsement and guaranty, as before stated, constituting one agreement, exhibiting the intention of the parties, it would seem to be most in accordance with the spirit of their arrangement to consider the purpose to have been to make the defendant accountable, if the debt could not be collected of the maker of the note, by virtue of an execution issued upon a judgment recovered in a suit upon it. Upon this construction of the guaranty there is proof of a strict compliance with its terms, so far as it respects the issuing of the execution.

4. It is further insisted, that there is no sufficient proof, that the note could not have been collected of the maker.

There is proof, that the execution had been placed in the hands of a deputy of the sheriff, who had returned upon it *nulla bona.* That the maker of the note had been insolvent at all times since the guaranty was made. That he made a disclosure by virtue of the act for the relief of poor debtors in the month of May, 1837, in which he stated, that he had no property ; and that he was thereupon discharged. That he obtained his discharge as a bankrupt on February 20, 1844, and that his " assets were of no value." Counsel still insists, that the judgment rendered after the proceedings in bankruptcy were commenced is valid, and that his body should have been arrested on the execution. The proof of his insolvency subsequent to his discharge as a bankrupt and until the time of trial is sufficient to authorize the conclusion, that an arrest of the body would have been only productive of an useless expense.

·5. It is contended, that the defendant is discharged by the want of due diligence in obtaining the execution. That the suit upon the note was not commenced so early, as it should have been, must be admitted. But a guarantor is not discharged by proof of negligence and laches, when it appears, that he has not thereby suffered any loss or injury. Story on Promis-

Gilligan *v.* Boardman.

sory Notes, c. 10, § 460, note 3. *Skofield* v. *Haley*, 22 Maine R. 164; *Howe* v. *Nickels, idem.* 175.

6. It is also insisted, that he is discharged by the neglect or omission to give him notice, that the note could not be collected of the maker. Admitting that such a notice should have been given, and that there is no proof, that it has been, the rule last stated would become applicable. Neither of these last two objections can avail the defendant, for it appears that he has not suffered any loss or injury by the neglect to obtain the execution and to give the notice.

The plaintiff's right to maintain the action rested upon a performance of the conditions stated in the guaranty, and not upon a notice, that they had performed it. The defendant did not become liable only upon performance of the condition and upon notice of such performance, as one does, who signs a guaranty, which does not take effect and become binding without notice that it has been accepted, and that the principal has obtained credit upon it. There is a plain distinction between an absolute and yet conditional guaranty, and a guaranty, which can take effect and become binding only upon the performance of a condition precedent. *Wildes* v. *Savage*, 1 Story, 22.

7. It is scarcely necessary to notice the objection, that the statute of limitations is, or ought to be a defence. The right of action upon the guaranty did not accrue until after performance of the condition; and the suit was commenced within three years after that time.

*Defendant defaulted.*