George Andeews, J.,
delivered tlie opinion of the Court.
Wm. B. Greenlaw & Co., assigned to M. W. Jones a large number of promissory notes, which were set forth in a schedule, at the bottom of which was the following guaranty, signed by W. B. Greenlaw & Co.:
“ The above notes, we have this (day) transferred to M. W. Jones, by indorsement; and we hereby guarantee the solvency of the parties to each note, and obligate ourselves to pay them when Jones cannot make the amount out of the parties.
“ May 5, 1862. W. B. Greenlaw & Co.”
Among the notes thus transferred, and included in said schedule, was one upon one "W. W. McAnally.
This action was brought by Jones against ~W. B. Greenlaw, one of the firm of W. B. Greenlaw & Co., upon the above guaranty.
Upon the trial before the Common Law Court of Memphis, the plaintiff offered, in evidence, the record of a suit which had, prior thereto, been brought by him before a Justice of the Peace, against said McAnally, upon said note, and in which suit, judgment by default, was rendered against McAnally, and execution issued upon the judgment and returned unsatisfied.
It appeared from the record, that this judgment had been rendered by default, without service .of pro *344 cess upon the defendant, McAnally, or appearance by him; the warrant in the case having been duly issued by the magistrate, and return made by the officer, that the defendant could not be found in his county. The Common Law Court held, this judgment to be void, and excluded it from the jury.
This judgment was a nullity, and the record of the judgment, and of the return of the execution issued upon it, was not, of itself, competent evidence of the insolvency of the defendant. But the fact shown by the record, that the process was duly issued, and an attempt made to have it executed, was competent evidence to show the diligence that Jones had exercised in attempting to collect the note by legal process; and in connection with parol proof of McAnally’s insolvency and non-residence, was admissible to prove that the plaintiff had exhausted his legal remedy.
The plaintiff then produced one Avery, as a witness, by whom he proposed to prove that McAnally, the maker of the note, was insolvent, and that he was a non-resident of the State of Tennessee; but the Court refused to permit the testimony to be introduced, upon the ground that the insolvency of McAnally could not be proved by parol evidence.
The Court instructed the jury “that the plaintiff could not recover in this action on the guaranty; that, before he could recover against the defendant on the warranty, he would be compelled to prosecute a suit against the maker of the note to insolvency.”
The verdict and judgment were for the defendant, from which judgment the plaintiff appealed to this Cour
*345 The Court below erred in excluding from the jury the parol testimony offered by the plaintiff, to prove the insolvency of McAnally, the maker of the note guarantied.
The fact of insolvency, is one that may be proved by parol testimony. Insolvency is not a matter of record, and if the return of an execution unsatisfied, be the most satisfactory evidence of the insolvency, it is not the best evidence in the sense of the rule of law, that requires the best evidence only, to be produced.
Where the terms of the guaranty require that the guarantee shall exhaust his legal remedy against the principal debtor, as a condition precedent to his right of action upon the guaranty, it has sometimes been held that he must procure the return of an execution unsatisfied; not because that is the only admissible evidence of insolvency, but, because that is the very condition precedent implied by the terms of the contract.
But no such condition precedent is stipulated in the guaranty now under consideration. The terms of the guaranty are: “ We hereby guaranty the solvency of the parties to each note, and obligate ourselves to pay them, when Jones cannot make the amount out of the parties.” It is insisted, that the latter clause of this agreement implies an obligation on Jones to pursue and exhaust his legal remedy against the parties to the notes, as a condition precedent to his right of action on the guaranty. But, construing the. whole instrument together, we think that the effect of both clauses is the same; that the prosecution of a suit is not a condition *346 precedent; and that the promise of the guarantors is to pay whenever it is so, that, in fact, the guarantee cannot, by process of law or otherwise, make the money out of the parties to the notes. A judgment and a return nulla bona, may be the most satisfactory evidence of this fact in most cases; but it may also be established by any other competent proof, that the the parties are insolvent, or have no property within the reach of the process of the courts of this State.
The most that can be claimed for the guaranty in the present case, is, that it is equivalent to a guaranty that the notes specified are collectible. And it has been held, that, upon such a guaranty, the only admissible proof of the non-collectibility of the note, is the failure of a bona fide attempt on the part of the guarantee to collect by due and regular process of law. I am not prepared to say that such might not be the rule in cases where the guaranty, by its terms, requires that legal remedies should be actually employed, even where it is shown, that, if employed, they would be wholly nugatory. But, however this may be, a guaranty that a note is collectible, is no more than a guaranty that it is one which can be collected; and it may, in such case, be shown, that it cannot be collected, either by proof of an actual abortive attempt to collect by legal proceedings, or by any other competent evidence, showing that, in fact, it cannot be collected* The return of nulla bona is the official certificate of an officer, that, after diligent search, he has been unable to find any property of the defendant within his jurisdiction subject to levy. But, that fact may, for the purpose of in *347 quiries like the present, be shown quite as satisfactorily by other evidence, as by the official search and certificate : 2 Pars. on Notes, 142; Camden vs. Doremus, 3 How., 533; McDoal vs. Yeomans, 8 Watts, 361.
Upon principle, it would seem that, if the attempt to collect by legal process were held to be necessary, and that the legal remedy be exhausted, this would be sufficiently shown by proof that a warrant had been issued, which could not be served upon the defendant; that he had left the State so that no process could be executed upon him; and that he was insolvent and had no property which could be reached by attachment. It is not perceived how the legal remedy could, in such a case, be more effectually exhausted; and in this view the record of proceedings before the justice, though the judgment therein rendered was a nullity, was admissible in connection with the parol evidence tendered, to show the entire failure of the legal remedy against the maker of the note.
There are some cases, that hold, that, where the maker of the instrument guarantied, resides out of the State at the time of the guaranty, the guarantee is bound to follow his person and show that he is insolvent in the State of his residence. We would assent to this doctrine, in a case where the circumstances showed that such was the understanding and intention of the parties to the guaranty, but we do not think such an understanding or intent could be inferred from the circumstances of the present case.
Of course a guaranty of the collectibility of a note, or of the solvency of the makers, applies to the condi *348 tion of the parties at the maturity of the note, or at the time of the guaranty, if overdue. A guarantee, who through his own negligence fails to collect, cannot charge upon the guarantor the consequences of an insolvency, happening after the time, when he might, with due diligence, have collected his money: Graham vs. Bradley, 5 Hum., 476.
For the exclusion of the evidence offered by the plaintiff, and for the charge of the judge made in pursuance of the same ruling, the judgment must be reversed.