## Amasa Stone *v.* John D. Rockefeller.

1. A contract written and signed by the indorser at the time of the indorsement, upon the back of a negotiable promissory note, in these words: "I guarantee the collection of the within note," is a guaranty that the note will be collectible at maturity by the ordinary process of law.

2. To fix the liability of the guarantor, under such a guaranty, it is usually necessary to prosecute the maker to judgment, and a return of "no property;" but this extreme test will not be required where the maker, at the maturity of the note, is insolvent and without any property subject to execution.

3. Where the parties entered into an agreement at the time, and partly in consideration of such guaranty, that the guarantee should take security for the payment of the note from the maker, and in pursuance thereof he did take real estate mortgage security: *Held*, that on the default and bankruptcy of the maker, the guarantee could at once pursue his remedy on the guaranty against the guarantor, without first exhausting the mortgaged premises.

MOTION for leave to file petition in error to reverse the judgment of the District Court of Cuyahoga county.

The petition contains two causes of action, each of which is founded upon a guaranty indorsed by the defendant upon the back of a negotiable promissory note, in the form following, viz:

"Pay A. Stone or order. I guarantee the collection of the within note."

To show that a right of action had accrued to the plaintiff on said contract of guaranty, the petition alleges that prior to the 14th day of September, 1875, the date on which the interest sought to be recovered became due, the makers of said notes became and have ever since remained notoriously insolvent.

That on the 21st day of September, 1875, each of the makers of said notes filed in the District Court of the United States for the Northern District of Ohio, their respective petitions in bankruptcy, and thereupon were ad-

judged bankrupts, and in said bankrupt cases an assignee was appointed, in whom vested, on and after said 21st day of September, the title of all the property of said bankrupts.

That on the 5th day of November, 1875, the makers of said notes removed from and ever since have been absent from and non-residents of the State of Ohio; of which removal, or of said makers' intention so to do, the plaintiff had no knowledge prior to their departure.

As his only defense, the defendant filed the following answer:

"John D. Rockefeller, the above-named defendant, for answer to the first and second cause of action set forth in the plaintiff's petition, says that, as a part of the consideration of said contract of guaranty, and at the time of the making thereof, it was understood and agreed that the said plaintiff should take security for the payment of said note, and in compliance with the said understanding and agreement the said plaintiff did, at the same time, to wit, on the said 14th day of September, 1874, take, and has ever since held, and now holds, security for the payment of said notes, to wit, a mortgage executed by the makers of said note, Mary R. Montgomery and Marcus W. Montgomery, on certain premises owned by them and described as follows, viz: (giving a description of the premises.) Which said mortgage was, on the 15th day of September, 1874, at forty-six minutes after five o'clock in the afternoon, delivered to the recorder of said county of Cuyahoga for record, and was duly recorded. That the same thereby became and still is a valid lien upon said premises, and was and still is the first lien thereon.

"Defendant further says that said premises so mortgaged by the said Marcus W. and Mary R. Montgomery are worth more than three times the amount of said notes so held by the plaintiff, and that, by reasonable diligence, the said notes can be collected therefrom by plaintiff.

"Defendant further says, that by the usual and ordinary process in such cases, the said claim of plaintiff can be col-

lected, but the said plaintiff has wholly omitted to take the usual and ordinary steps in such cases, or any steps whatever, to collect his said notes from the said Marcus W. or Mary R. Montgomery, or from said property."

A general demurrer to this answer was sustained by the court of common pleas, and judgment rendered in favor of the plaintiff for the amount claimed to be due.

On error to the district court the judgment of the court of common pleas was reversed.

This is a proceeding to obtain a reversal of the judgment of the district court.

*W. J. Boardman,* for the motion as to the liability of the guarantor, cited: 30 Vt. 127; 246; 8 Watts, 361; 1 Cush. 473; 13 Wend. 543; 16 Barb. 642; 3 How. 515. And as to whether, there being a mortgage to secure the note guaranteed, it was required to foreclose the mortgage before proceeding against the guarantor, cited: *Boshford* v. *Shaw,* 4 Ohio St. 263; *Riblet* v. *Davis,* 24 Ohio St. 114; 11 Ohio, 444; *Forest* v. *Stewart,* 14 Ohio St. 246; *Ten Eyck* v. *Tibbits,* 1 Caines, 427; Parsons on Notes and Bills, 142; *Day* v. *Elmore,* 4 Wis. 190.

*M. R. Keith* and *J. E. Ingersoll,* contra, on the liability of a guarantor, cited: 2 Parsons on Notes and Bills, 141; *Burt* v. *Horner,* 5 Barb. 501; 1 Wend. 407; 14 Wend. 231; *Hart* v. *Hudson,* 6 Duer, 294; *Compton* v. *McNair,* 6 Cow. 457; *Taylor* v. *Bullen,* 6 Cow. 624; *Loveland* v. *Shepard,* 2 Hill, 139; *Moakley* v. *Riggs,* 19 Johns. 69; *White* v. *Case,* 13 Wend. 543; *Cady* v. *Sheldon,* 38 Barb. 103. And when the payee holds a mortgage, as to what is required, cited: *Dwight* v. *Williams,* 4 McLean, 581; *Newell* v. *Fowler,* 23 Barb. 628; *Baxter* v. *Smack,* 17 How. 183. And as to the effect of bankruptcy: 11 Bank Reg. 409; 13 Ib. 407, 412, 546, 550.

GILMORE, J. In stating the two causes of action, the notes set out in the petition are duplicates of each other in

every respect, except that one matures in four and the other five years from date, and the questions raised, are therefore applicable alike to both causes of action.

The note set out in the first cause of action only need be given. It reads as follows:

" $5,500.          CLEVELAND, OHIO, *September* 14, 1874.

"Four years after date, we promise to pay to John D. Rockefeller or order, five thousand five hundred dollars, with eight per cent. interest, payable annually. Value received. Payable at Henry Wick & Co.'s banking-house, Cleveland.          MARY R. MONTGOMERY,

"M. W. MONTGOMERY."

The contract upon which the action is brought is indorsed upon the back of the note, and signed by the indorser, and is in these words:

"Pay A. Stone or order. I guarantee the collection of the within note."

This, in legal effect, is a warranty that the note will be collectible at maturity by the use of due diligence, which means that the guarantor will be liable only after a failure to collect by the ordinary process of law—*i. e.* by obtaining judgment against the makers of the note, causing execution to be issued, and a return thereon of "no property."

But it is not necessary under all circumstances to go to this extremity in order to fix the liability of the guarantor.

In *Camden* v. *Doremus*, 3 Howard (U. S.) 515, it is said: "The diligent and honest prosecution of a suit to judgment, with a return of *nulla bona*, has always been regarded as one of the extreme tests of due diligence. This phrase, and the obligation it imparts, may be satisfied, however, by other means. The ascertainment, upon correct and sufficient proof, of entire or notorious insolvency, is recognized by the law as answering the demand of due diligence and as dispensing, under such circumstances, with the more dilatory evidence of a suit—evidence which, in instances that it may be easy to imagine, might prove prejudicial alike to him who should exact, and to him who would supply it."

If the fact of notorious insolvency is admitted in the pleadings, it will have the same effect as if ascertained by proof upon the trial. The petition in the case distinctly avers the notorious insolvency of both the makers at the maturity of the note. Without this, or some equivalent averment, the petition would have been bad on demurrer. None of the averments of the petition are denied by the answer. The entire insolvency of the makers of the note is therefore admitted. This being so, the plaintiff was relieved from the necessity of prosecuting the makers before proceeding against the guarantor upon his contract.

It follows that the petition states a good cause of action against the defendant.

As a defense, the answer alleges, in substance, the fact that at the time of the making of the guaranty by Rockefeller, it formed part of the consideration therefor, that Stone agreed to take security for the payment of said notes, and in pursuance thereof, a mortgage was then and there executed on the property of the principal, which was duly deposited for record and became and now remains the first lien on the property mortgaged; and that the value is three times the amount of the notes so guaranteed.

Was there error in sustaining a general demurrer to this answer?

In considering this question it is to be kept in mind that the plaintiff sues upon a contract of guaranty, relating alone to the collectibility of the note, upon the back of which it is indorsed.

The terms of such a contract are to be construed strictly; and the words being those of the guarantor, are to be taken most strongly against him. The law will not supply any condition which is not incorporated into the agreement, or to be fairly implied from the language used; and in the absence of fraud, accident, or mistake, it is presumed conclusively that the terms of the contract, as agreed upon between the parties at the time, are fully expressed in the written guaranty.

It can not be said that the contract sued upon, and that

set up by way of defense, have any such necessary connec-tion with each other as to require them to be read and con-strued together as constituting but one contract. They are neither of the same nature, nor between the same par-ties. They are therefore wholly independent of each other, and must be so regarded. As independent contracts, each must be susceptible of performance according to its terms and legal effect.

These contracts are respectively susceptible of such performance or enforcement.

The guarantor is bound to perform according to the terms of the guaranty sued upon—*i. e.,* to pay the note at maturity if the maker fails to do so, and is then entirely insolvent and bankrupt. When he pays the note in ac-cordance with the terms of his guaranty, the contract set up in the answer will, in equity, at once inure to his bene-fit by substitution.

The contract set up in the answer, therefore, constituted no defense to the action.

In the last clause of the answer, it is averred "that, by the usual and ordinary process in such cases, the said claim of the plaintiff can be collected, but the said plaintiff has wholly omitted to take the usual and ordinary steps in such cases, or any steps whatever, to collect his said notes from the makers or from said property."

It is suggested that this allegation rendered the answer good, as against a general demurrer. We think otherwise. The petition contained a statement of facts as to the notori-ous insolvency, bankruptcy, and non-residence of the makers, which, if true, relieved the plaintiff from the neces-sity of prosecuting the makers to judgment and a return of no property, before resorting to his remedy upon the guar-anty. The facts thus stated are not denied by the answer; consequently the petition shows that the plaintiff's right of action was perfect without having first resorted to the ordinary process in such cases.

The averment quoted can not be regarded either as a de-

nial of the facts stated in the petition, or as new matter constituting a defense to the action.

The court of common pleas did not err in sustaining the demurrer to the answer, and rendering judgment for the plaintiff; and therefore the district court erred in reversing the judgment.

Motion granted. The judgment of the district court is reversed, and that of the common pleas affirmed.

*Judgment accordingly.*