## GEORGE A. BRACKETT *vs.* J. D. RICH.

### April 6, 1877.

**Municipal Court of Minneapolis.**—Upon a trial of a question of fact by the municipal court of the city of Minneapolis, the decision should be in writing, and the facts found and the conclusions of law should be separately stated.

**Guaranty of Collection of Note may be Enforced without Suing the Maker, if the Latter be Utterly Insolvent.**—A guaranty of the collection of a note is an undertaking by the guarantor to pay, if payment cannot, by due and reasonable diligence, be obtained of the maker. If the maker of a guaranteed note is, at its maturity, so utterly insolvent that an action against him will be fruitless, and he so continues, the holder is not obliged to institute legal proceedings against him before resorting to the guarantor.

**Same—Notice to be given Guarantor.**—The only notice which it is the duty of the holder of the guaranteed note to give to the guarantor is notice of his inability to collect the note of the maker; and failure to give this notice furnishes no defence to the guarantor, unless he has been prejudiced thereby.

Appeal by plaintiff from a judgment of the municipal court of the city of Minneapolis. The action was on a promissory note, made by one Gibson to defendant's order, and, for value received, transferred before maturity to plaintiff by defendant, who wrote and signed upon the back thereof the following: "I guarantee the collection of the within note." The plaintiff alleged in his complaint that, at the time of the maturity of the note, the maker was, and has since continued to be, insolvent and destitute of any property not exempt from execution. The defendant, in his answer, denied the averment as to the maker's insolvency, and alleged that the plaintiff had never attempted to collect the note of the maker. The action was tried by the court without a jury, and it was found that the note was made and guaranteed as alleged in the complaint; that it had not been paid; that plaintiff had demanded payment of the note at maturity, from the maker, and thereafter from defendant, but had never taken legal proceedings to collect from the maker. It was also found that for some two years after the maturity of the note the maker resided in Hennepin county, during all which period he was insolvent, and that he then left the state. Among other conclusions of law the court found that the maker's insolvency was no excuse for plaintiff's failure to proceed against him, and that, because of such failure, the plaintiff could not recover against defendant as guarantor. Judgment was accordingly ordered and entered for defendant.

*W. E. Hale*, for appellant.

*Benton & Benton*, for respondent.

BERRY, J. By Sp. Laws 1874, c. 141, entitled "An act to establish a municipal court in the city of Minneapolis," it is declared (§ 5) that said court " shall have and possess all the powers usually possessed by courts of record at common law, subject to modifications of the statutes of this state applicable to courts of record," and that, (§ 12,) " where no

other provision is otherwise made in this act, said municipal court is vested with all the powers which are possessed by the district courts in this state, and all laws of a general nature apply to the said municipal court, so far as the same can be made applicable, and not inconsistent with the provisions of this act.'' Under these provisions of statute, that part of Gen. St. c. 66, § 224, which enacts that, upon the trial of a question of fact by the district court, "the decision shall be given in writing;" and that, " in giving the decision, the facts found and the conclusions of law shall be separately stated," is applicable to the municipal court mentioned. The defendant's point to the contrary is therefore overruled.

This is an action upon a guaranty endorsed upon a promissory note, and signed by defendant, and in these words, viz.: " I guarantee the collection of the within note." With regard to the proper construction of a contract of this kind the authorities disagree. By some it is held that such a guaranty is an undertaking that the note is collectible by due course of law, and that the guarantor undertakes to pay only when it is ascertained that it cannot be collected by suit prosecuted to judgment and execution against the maker; and that the endeavor to collect of the maker, by this due course of law, is a condition precedent to the right of action against the guarantor. This is the view taken in New York. *Moakley* v. *Riggs*, 19 John. 69; *Cumpston* v. *McNair*, 1 Wend. 457; *Craig* v. *Parkis*, 40 N. Y. 181. Also, in Wisconsin. *Dyer* v. *Gibson*, 16 Wis. 557; *French* v. *Marsh*, 29 Wis. 649.

By other authorities it is held that a guaranty of collection is an undertaking by the guarantor to pay, if payment cannot, by due and reasonable diligence, be obtained of the maker; or, as it is sometimes expressed, that the note is " capable of being collected." This is the view taken in Vermont. *Wheeler* v. *Lewis*, 11 Vt. 265; *Sylvester* v. *Downer*, 18 Vt. 32; *Bull* v. *Bliss*, 30 Vt. 127; *Dana* v.

*Conant*, Id. 246. In Connecticut. *Perkins* v. *Catlin*, 11 Conn. 213; *Ranson* v. *Sherwood*, 26 Conn. 437. In Maine. *Gillighan* v. *Boardman*, 29 Me. 79. In Pennsylvania. *McDoal* v. *Yeomans*, 8 Watts, 361; *McClurg* v. *Fryer*, 15 Pa. St. 293. In Massachusetts. *Marsh* v. *Day*, 18 Pick. 321; *Sanford* v. *Allen*, 1 Cush. 473. In the Supreme Court of the United States. *Camden* v. *Doremus*, 3 How. 515. See, also, 2 Parsons' Notes & Bills, 140–143; and notes and dissenting opinion of Mason J., in *Craik* v. *Parkis*, *supra*.

This latter construction appears to us not only to be supported by the greater weight of authority, but to be the more natural and true construction. As said by Gibson, C. J., in *McDoal* v. *Yeomans*: "To warrant that a debt is collectible is to warrant that it is legally demandable, and that the debtor is of competent ability to answer it—not that he will pay it when demanded by execution."

In the application of the construction which we adopt, it is held—and, in our opinion, correctly held—by many of the authorities last-above cited, that, if the maker of the note is insolvent at its maturity, and continues to be so, the holder is not obliged to institute legal proceedings against him before resorting to the guarantor. As remarked by Daniel, J., in *Camden* v. *Doremus*, (p. 533:) "The condition to which the plaintiff (a guarantor) was pledged was the practice of due—that is, proper, just, reasonable—diligence; not to the performance of acts which were obviously useless, and from which expense and injury might arise, but from which advantage certainly could not. The diligent and honest prosecution of a suit to judgment, with a return of *nulla bona*, has always been regarded as one of the extreme tests of due diligence. This phrase, and the obligation it imports, may be satisfied, however, by other means. The ascertainment, upon correct and sufficient proofs, of entire or notorious insolvency, is recognized by the law as answering the demand of due diligence, and as

dispensing, under such circumstances, with the more dilatory evidence of a suit." So, in *Bull* v. *Bliss*, the jury having found that the maker of the note was " wholly and utterly insolvent:" " This, at least *prima facie*," say the court, (p. 131,) " is a sufficient excuse for an omission to attempt to collect the note of the maker. The law does not require the performance of an idle act." So it was held to be a sufficient excuse for a like omission, in *Dana* v. *Conant*, (p. 253,) that the makers of the note guaranteed had " failed, and become insolvent, and destitute of any attachable property, and have so remained ever since." So, in *Sanford* v. *Allen*, the instruction upheld was that, if the maker of the note was " insolvent, and wholly unable to pay the note at the date of the guaranty, and had continued to be so, that if he had no property out of which an execution could have been satisfied, either wholly or in part, and that a judgment and execution against him would have been of no avail, the plaintiff (the holder) might recover, without proving the existence of such judgment and execution." In *McDoal* v. *Yeomans* the exception, in considering which the court held that insolvency of the maker of a guaranteed note excused the omission of the holder to proceed against him at law, was an exception to an offer to prove that the maker " was so utterly insolvent that an action would have been fruitless;" and, in *McClurg* v. *Fryer*, the court say : " The law requires no man, in the pursuit of his rights, to do a vain and futile thing, useful to nobody, and hurtful to himself by the needless expense and trouble it would impose. The court was, therefore, right in instructing the jury, that if, at the time of the maturity of the guaranty, Mrs. McKinley (the principal debtor) was so utterly insolvent as not to make it worth while to sue her, a suit against her was unnecessary ; that would be unnecessary cost and trouble on a man for nothing. Insolvency, hopeless or utter insolvency, may be proved; like everything else depending on facts, by parol as well as

by record, and we cannot hold that it is necessary to sue a beggar."

It is to be observed that the insolvency which is thus required to excuse want of legal proceedings is something more than the insolvency of a person "who is not able to pay all his debts from his own means, or whose property is not in such a situation that all his debts may be collected out of it by legal process," (*Lamberton* v. *Windom*, 18 Minn. 506, 515;) but, as it is expressed in one of the cases cited, such an "utter insolvency that an action would have been fruitless." This is, we think, the correct rule.

In the case at bar the court below has found, as a conclusion of fact, that the maker of the guaranteed note, "from the time of the maturity of the note up to the time he left the state, * * * was insolvent." As conclusions of law the court has found:

"2. The contract of the defendant being a guaranty of collection, and not of payment, before the plaintiff could resort to the guarantor, as a condition precedent he must have diligently pursued the original debtor, (Gibson,) by the usual legal remedies, and without effect.

"3. The words endorsed on the back of the note, 'I guarantee the collection of the within note,' are equivalent to a guaranty that the note is collectible at maturity by due course of law, and the insolvency of the maker is no excuse for a neglect to attempt the collection by legal process."

For reasons already assigned, these are not correct propositions of law. Yet it is evident that they were the basis upon which the case was determined below. This was error. If it clearly appeared that the plaintiff had not in fact been prejudiced by it, the error ought to be disregarded. But this does not appear; for, in the view taken by the court below, the *degree* of insolvency is entirely unimportant, since it is held that the guarantor cannot be charged, in the absence of legal proceedings against the maker, and that no degree of insolvency on the part of the

maker can excuse the holder's failure to take such pro-- ceedings.   Hence, the general finding that the maker is. insolvent is not to be taken as a finding that he was simply insolvent within the definition given in *Lamberton* v. *Windom, supra,* but as a finding which may have embraced an utter insolvency.   The mistaken view of the court below as to the rules of law having misled it as to the necessity of distinguishing these two degrees of insolvency, and having, so to speak, tainted the finding of fact, there must, therefore,. be a new trial.

It remains to consider the point that the plaintiff is not entitled to recover because "he neither alleges nor proves. any notice to defendant, either of a demand of, or refusal by, the maker of payment, or that collection could not be enforced against him."   The only notice which it is the duty of the holder to give to the guarantor is notice of his inability to collect the note of the maker ; and failure to give this notice furnishes no defence to the guarantor, unless. he has been prejudiced thereby.   2 Parsons' Notes & Bills,. 142 ; *Gillighan* v. *Boardman,* 29 Me. 79 ; *Bashford* v. *Shaw,* 4 Ohio St. 263.

Judgment reversed, and new trial directed.[1]

[1] This ruling in this case was followed in *William Dressler* v. *W. W. Pinney,* decided May 15, 1877, and the order of the district court for Kandiyohi county, *John H. Brown,* J., presiding, overruling a demurrer to the complaint, was affirmed.

*Strobeck & Plumley,* for appellant.

*H. J. Peck,* for respondent.