WEBB McNALL v. BURROW & WHITE.

GUARANTY of *Collection*. While it is true that when a person guarantees
the collection of a debt, he is liable only after a regular prosecution against
the principal party liable, and the use of due and reasonable diligence on
the part of the plaintiff to collect the debt by due course of law, yet
where a judgment has been rendered on the debt against such principal
party, and execution *immediately* issued, the property appraised, and sold
at a fair price, the sale confirmed, and the debt not yet fully paid, the
guarantor is not released, although upon the original contract appraise-
ment was waived, and the defendant in the original action might have
had a *stay of execution* for six months if he had so desired.

*Error from Smith District Court.*

ACTION by *Burrow & White* against *McNall,* upon a written
guaranty. At the April Term, 1884, the court sustained the
plaintiffs' demurrer to defendant's third defense in his answer.
This ruling he brings here for reversal. The opinion states
the material facts.

*R. M. Pickler,* for plaintiff in error.

*G. W. White,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Burrow
& White against Webb McNall, upon a written guaranty.
It appears from the plaintiffs' petition, among other things,
that on June 1, 1881, Morris B. Leisure and Margaret E.
Leisure, his wife, executed a bond and a real-estate mortgage
to Gilbert & Gay, to secure a debt for the sum of $200, bor-
rowed money; and that at the same time Webb McNall
guaranteed the payment of such debt by executing the follow-
ing written instrument, to wit:

"For value received, we guarantee the sufficiency of the
security for the payment of Gilbert & Gay's loan of $200 to
Morris B. Leisure and wife, secured by mortgage on real estate
in Smith county, Kansas; and we further agree to pay to the

holder of said loan any balance there may be due thereon after exhausting the said security therefor.

WEBB McNALL.

SMITH CENTER, KAS., June 1, 1881."

Afterward, such bond and mortgage were assigned to the plaintiffs, Burrow & White, and they foreclosed the same by an action in the district court, and the real estate was appraised and sold according to law, and the sale confirmed; but it did not bring a sufficient sum of money to pay the debt, and the plaintiffs commenced this action against the defendant, McNall, to recover the remainder of the debt, claiming the sum of $112.40. The defendant answered to this petition, admitting the execution of the guaranty, and setting forth as a third defense to the plaintiffs' action thereon the following, to wit:

"That said mortgage, given to secure said loan, contained a stipulation 'waiving appraisement,' but that execution was issued and sale was made before the expiration of six months from the rendition of judgment upon said debt. A copy of said mortgage is hereto attached, marked 'Exhibit A,' and made a part of this answer."

The plaintiffs demurred to this defense, upon the ground that in law it did not constitute any defense, and the court below sustained the demurrer; and the defendant, as plaintiff in error, now brings the case to this court, and asks that the ruling of the court below, sustaining such demurrer, shall be reversed.

We think the decision of the court below is correct. While it is true, as is claimed by the plaintiff in error, defendant below, that when a person guarantees the collection of a debt, he is liable only after a regular prosecution against the principal party liable, and the use of due and reasonable diligence on the part of the plaintiff to collect the debt by due course of law, yet, under the pleadings in this case, all this was done. The plaintiffs procured a foreclosure of their mortgage, and an immediate sale of the mortgaged property, and presumptively obtained all that the property was worth, and the sale was confirmed. It is objected, however, that the execution was issued

and the sale made within less than six months from the date of the rendition of the judgment. This certainly shows diligence on the part of the plaintiffs, and no injury to the present plaintiff in error, defendant below. Of course the defendants in the foreclosure action might have objected to the issuance of an execution prior to the expiration of six months from the time of the rendition of the judgment, but presumptively they did not object, but consented thereto, and presumptively the judgment was rendered, the execution issued, the property appraised, and sale made in all respects as though the appraisement of the property had not been waived; but whether the defendants in the foreclosure action consented, or not, the sale is legal and valid, and as the property was presumptively sold at a fair price, no injury has been done to the present plaintiff in error, defendant below, and great diligence has been shown on the part of the defendants in error, plaintiffs below.

The ruling and judgment of the court below will be affirmed.

All the Justices concurring.