Bradbury, J.
The plaintiff in error filed in the court of common pleas, a petition in the following words and figures:
Court of common pleas, Hocking county-, Ohio.
The Gambia Iron Company, plaintiff v. Robert W. Keynes, I. N. Collins, L. A. Culver, S. H. Bright, B. R. Higgins, D. M. Motherwell and M. D. Moore, defendants.
Petition. Civil action.
Plaintiff is a corporation duly incorporated under the law's of the state of Pennsylvania, and located at Johnstown, in said state.
On the 21st day of September, 1891, in consideration the plaintiff would furnish The Motherwell Iron & Steel Company of Logan, Ohio, which is a corporation duly organized under the laws of the state of Ohio, with certain material then used by *508 said Motherwell Iron & Steel Company for manufacturing purposes, consisting of iron, steel and other merchandise, an itemized account of which material so furnished the said company is hereto attached (marked “Exhibit A,”) and made a part of this petition, the defendants guaranteed to plaintiff to be ultimately responsible for the payment of all material purchased by the said Mother-well Iron & Steel Company fo’" its use, from plaintiff during the season of 1891 and 1892.
The plaintiff in consequence of said guarantee, a copy of which is hereto attached (marked “Exhibit B, ”) and made a part of this petition, sold and furnished the said Motherwell Iron & Steel Company material as aforesaid to the amount of 83,937.86. The said sum was due and payable in installments as follows:
July 24, 1892, $1,405.98. .
August 22, 1892, $781.07.
September 19, 1892, $1,295.36.
October 12, 1892, $209.51.
August 3, 1892, $245.94.
The time of payment given the said Motherwell Iron & Steel Company by plaintiff, has elapsed, yet the said Motherwell Iron & Steel Company has not paid the same nor any part thereof, and plaintiff requested payment thereof from said defendants and each of them, but no part thereof has been paid.
As evidence of the aforesaid indebtedness, the said Motherwell-Iron and Steel Company executed and delivered to plaintiff its four certain promissory notes for the respective sums and dates as follows:
■ January 21, 1892, $1,405.98, due six months after date.
*509 February 19, 1892, $781.07, due six months after date.
March 16, 1892, $1,295.36, due six months after date.
April 9, 1892, $209.51, due six months after date.
And the sum of $245.94, not evidenced by note, due and payable August 3, 1892.
Which said notes the plaintiff now brings into court and surrenders up the same.
The plaintiff avers and charg'es the fact to be that the said Motherwell Iron & Steel Company is wholly and totally insolvent; that all its personal and real property has been levied upon by the sheriff of this county by virtue of execution placed in his hands for more than the value of the real estate and personal property levied upon, and the same is beyond the reach of plaintiff for the purpose of subjecting- the same to the payment of the aforesaid indebtedness. The. said Motherwell Iron & Steel Company has been declared by due process of law, under the statute in suela case as made and provided, to be insolvent, and a receiver has been appointed for all its property and rights of action and is now in possession of the same.
Wherefore plaintiff asks judgment against the said defendants for said sum of $3,937.86, with interest on $1,405.98, from the 24th day of July, 1892; interest on $781.07 from August 2d, 1892; interest on $1,295.36 from September 19th, 1892; interest on $209.51 from October 12th, 1892, and interest on on $245.94 from the 31st day of August, 1892.
The guaranty upon which the action was founded is as follows:
“Logan, Ohio, September 21, 1891.
*510 “We the undersigned directors of the Motherwell Iron & Steel Company of Logan, Ohio, do hereby guarantee the ultimate payment of all material purchased of the Cambria Iron Company of Johns-town, Pa., for the use of said company during the season of 1891 and 1892. Robt. W. Keynes, I N. Collins, L. A. Culver, S. H. Bright, B. R. Higgins, D. M. Motherwell, M. D. Moore.”
To the petition a number of defenses were interposed by the guarantors, only two of which we care to notice: The third and the fifth.
The third defense sets forth: That at the time the guaranty was executed as well as before and since that time, the usual credit given by the plaintiffs on such goods as they sold the Mother-well Iron & Steel Company was four months, and that the guarantors believed and had a right to believe that the goods to be sold during the period covered by the guaranty would be sold upon those terms of credit; but that after the guaranty was executed, the plaintiff in error and the Motherwell Iron & Steel Company entered into a contract, the effect of which was to extend the credit on purchases covered by the guaranty to six months, and that the negotiable promissory notes of the Motherwell Iron & Steel Co., on six months, time were taken for the several purchases as set out in the petition, which extension of time was given without the knowledge or consent of the guarantors.
The fifth defense sets forth that at the time they executed the guaranty the grantors were not advised of ’ the intention of the Motherwell Iron & Steel Company to contract for an extension of the time of payment for the goods to be brought under *511 the guaranty beyond the customary period of four months.
The plaintiff by its reply took issue upon these averments of the answer.
A jury was waived and the cause submitted to the court upon the evidence. The court found that the Motherwell Iron & Steel Company gave and the plaintiff in error accepted the several notes set forth in the petition and answers, and that such action constituted an extension of time which released the guarantors as to all sums the times for the payment of which had thus been extended.
We do not doubt the soundness of the rule that discharges a guarantor from liability whenever the terms of a contract he has guaranteed have been materially altered. That the guarantor 'Or surety may stand upon the very terms of his undertaking, is a doctrine sustained by the unbroken current of authority. Boalt v. Broten, 13 Ohio St., 364; Patterson v. McNeeley, 16 Ohio St., 348; Thompson v. Massie, 41 Ohio St., 307; Bank v. Lane, 8 Ohio St., 405; Hall v. Williamson, 9 Ohio St., 17; Bank of Steubenville v. Carroll's Admrs, 5 Ohio, 207; The State v. Crooks & Shaw, 7 Ohio, 573; State v. Medary, 17 Ohio, 554; McGovney v. State, 20 Ohio, 93; Smith v. Huesman et al., 30 Ohio St., 662; Palmer v. Yarrington, 1 Ohio St., 253; Stone v. Rockefeller, 29 Ohio St., 625; Morgan v. Boyer, 39 Ohio St., 324. The citations of eases bearing on this' proposition could be indefinitely extended. The established doctrine of this state at least, if not in substantially all the states, is, that a change of the time for .the performance of a contract is a material alteration of its terms. King v. Newman et al., 54 Ohio St., 273; 2 Am. & En. Ency. of Law, 236-240, 2nd Ed.
*512 The question here, however, is not whether an extension of the time of payment would discharge the guarantors, but whether in this instance the time was extended beyond the terms of the contract of guaranty.
If in the light afforded by the circumstances that surrounded the parties when this contract of guaranty was executed and the custom of this particular trade, known to the parties, a guaranty couched in the words that the parties here employed, should be construed to mean that credit for goods sold upon its faith should not be extended beyond four months from the sale of each respective bill, then, as longer credit was given, it would follow that no recovery can be had upon the guaranty. We think the court was right in holding that by taking the promissory notes set out in the petition, the plaintiff in error extended to the Mother-well Iron & Steel Company a period greater than four months for the payment of the several bills of goods embraced within the notes. The contract of sale itself gave to the purchaser the privilege of sixty additional days, by paying six per cent, interest, and the notes being entitled to three days of grace, the giving and accepting of them, extended the time of payment that much longer.
This brings us to the real question in the case:
The construction that, in this respect should be given to the guaranty itself.
Doubtless the usual and customary terms of credit for such goods as were sold by plaintiff in error on the faith of the contract of guaranty, was four months. Did this custom attach to and become a part of the guaranty, so that, by giving longer credit, the guarantors were discharged?
*513 In construing a contract of guaranty, the object should be the same as in construing any other contract; that is, to ascertain the intention of the parties to the instrument, when that intention is ascertained the guarantors are bound by it. While a guarantor may stand upon the strict letter of his contract, his rights extend no further. To ascertain whether an asserted obligation falls within a contract of guaranty, resort should be had to the situation in which the parties stood and the words they have employed.
The circumstances satisfactorily establish that the plaintiff in error, supposed the guaranty covered sales of goods although credit was given for a longer period than four months. Did the words employed by the guarantors, their relation to the parties, and the surrounding circumstances justify this interpretation of the instrument? We think they did.
The guaranty was in the following terms:
“Logan, O., September 21, 1891.
“We, the undersigned directors of the Mother-well Iron & Steel Company of Logan, Ohio, do hereby guarantee the ultimate payment of all material purchased of the Cambria Iron Company of Johnstown, Pa., for the use of said company during the season of 1891 and 1892. R. W. Keynes, I. N. Collins, B. R. Higgins, S. H. Bright, D. M. Motherwell, L. A. Culver, M. D. Moore.”
More comprehensive lauguage could not have been easily found, “ultimate” means “at last,” “finally” or “at the end.” The contract bound the guarantors for the ultimate (final) payment for all material purchased within the specified period. .The persons who empk^ed this language were not *514 disinterested parties acting from a spirit of mere accommodation, like the bondsmen of public officers, or one who guarantees the contract of a neighbor. They were, or declared themselves to be, directors of the concern for which they became guarantors. They were not only pecuniarily interested in the successful operation of its business, but were charged with the general superintendence of its affairs. To give it power to buy, was to promote prospective personal gain to themselves. This guaranty was executed by the parties at home, in Logan, Hocking county, on September 21st, 1891, and on October 27th, following, forwarded to the plaintiff in error at Johnstown, Pennsylvania, accompanied by the followng letter:
The Motherwell Iron & Steel Co.,
Logan, O., Oct. 27, 1891.
Cambria Iron Co., Johnstown, Pa.:
Gentlemen: Enclosed find the guarantee of our directors to be attached to our contract for material for the coming season.
Yours truly,
Motherwell Iron & Steel Co.,
M. D. Moore, Gen. Mgr.
For the purpose of strengthing the credit of a concern under their general control, and in which they were pecuniarily interested they entrusted this instrument to a manager, selected by themselves, to be forwarded to the plaintiff in error, knowing it would become the basis upon which the latter would extend credit to their own concern.
Under the circumstances, we think the guarantors should be held to have intended to authorize any reasonable extension of credit upon purchases secured upon the faith of this guaranty. And the contract entered into by the terms of which the *515 sales were made at four months’ time, with a privilege to the purchaser of sixty days additional time upon payment of six per cent, interest, and the taking of notes at six months as this was done by plaintiff in error was not an unreasonable extension of credit.
Upon the pleading and undisputed facts, the court of common pleas should have Tendered a judgment in favor of the plaintiff in error for the unpaid balance on the purchases made under the guaranty.

Judgment accordingly.