Sullivan,<br>
Nov. 5, 1901.

## COLBY, *Ex'r*, *v*. FARWELL.

The holder of a promissory note may maintain an action against a guarantor without first proceeding against an utterly insolvent maker or obviously worthless security.

ASSUMPSIT, to recover upon a contract of guaranty. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1901, of the superior court by *Peaslee*, J.

The plaintiff's decedent owned a promissory note secured by a second mortgage of real estate in Minnesota, and indorsed as follows: "In consideration of one per cent per annum, I hereby guarantee the final collection of the within note and coupons attached. George N. Farwell."

The real estate was found by the jury not to be of sufficient value to satisfy the first mortgage claim, and it was admitted that nothing could be collected from the maker of the plaintiff's note since its maturity — about two years before this suit was brought.

The defendant demurred to the declaration, and moved for a nonsuit, upon the ground that the plaintiff must first proceed against the property and the maker of the note. The demurrer was overruled and the motion denied, subject to exception.

*Ira Colby* and *Albert S. Wait*, for the plaintiff.

*Hermon Holt*, for the defendant.

BLODGETT, C. J.    The verdict of the jury closes the question as to the availability to the plaintiff of the mortgage security; and the utter insolvency of the maker of the guaranteed note being admitted, the sole question raised by the case is whether the plaintiff was bound to first proceed against the maker and the security as a condition precedent to the enforcement of the guarantor's liability.    We are of opinion that he was not.

The guaranty sought to be enforced was one of collection, and as such it constituted an undertaking on the part of the guarantor to pay the mortgage debt if, upon maturity, payment could not by reasonable diligence be obtained from the debtor or from the mortgage.    So far the authorities are uniform; but what constitutes reasonable diligence in such a case is a question upon which the authorities are conflicting, it being held in some jurisdictions that such diligence requires the prosecution of the debtor and of the security to execution and return of *nulla bona*, and that his insolvency, or the worthlessness of the security, is no excuse for a failure to prosecute (*Craig* v. *Parkis*, 40 N. Y. 181; *Salt Springs Nat'l Bank* v. *Sloan*, 135 N. Y. 371; *Bosman* v *Akeley*, 39 Mich. 710; *French* v. *Marsh*, 29 Wis. 649; *McNall* v. *Barrow*, 33 Kan. 495, 496; *Roberts* v. *Laughlin*, 4 No. Dak. 167), while in other jurisdictions it is held that if the debtor be so utterly insolvent, or the security so obviously valueless, that an action against either would manifestly be fruitless, the holder of the guaranty may resort to a suit upon it without first instituting proceedings against the one or the other.    *Camden* v. *Doremus*, 3 How. 515, 533; *Gillingham* v. *Boardman*, 29 Me. 79, 82; *Dana* v. *Conant*, 30 Vt. 246; *Sanford* v. *Allen*, 1 Cush. 473; *Cady* v. *Sheldon*, 38 Barb. 103, 111, 112; *McDoal* v. *Yeomans*, 8 Watts 361; *McClurg* v. *Fryer*, 15 Pa. St. 293; *Jones* v. *Ashford*, 79 N. C. 172, 176; *Stone* v. *Rockefeller*, 29 Ohio St. 625; *Brackett* v. *Rich*, 23 Minn. 485; *Dewey* v. *Investment Co.*, 48 Minn. 130, 134; *Fall* v. *Youmans*, 67 Minn. 83.

The latter doctrine we take to be the true one.    "The law requires no man, in the pursuit of his rights, to do a vain and futile thing, useful to nobody, and hurtful to himself by the needless expense and trouble it would impose."    *McClurg* v. *Fryer, supra; Haven* v. *Haven*, 69 N. H. 204, 205; *Lyman* v. *Railroad*, 66 N. H. 200, 203.    See, also, *Beebe* v. *Dudley*, 26 N. H. 249; *Dearborn* v. *Sawyer*, 59 N. H. 95, 97; *Howland* v. *Currier*, 69 N. H. 202, 203.

*Exceptions overruled.*

WALKER, J., did not sit: the others concurred.