State Bank v. Elvin.

No. 24,736.

THE CITIZENS STATE BANK OF HARPER, and B. V. CURRY, Receiver, *Appellees*, v. J. C. ELVIN, *Appellant.*

SYLLABUS BY THE COURT.

GUARANTY—*Loss in Handling Mortgage Loan—Essential Allegations to Warrant Recovery on Guaranty.* A petition on a written guaranty against loss in handling a mortgage loan does not state a cause of action where it is not alleged that an attempt had been made to collect from the obligors in the loan, nor give any reason why such attempt had not been made.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed October 6, 1923. Reversed.

*E. L. Foulke, James B. Nash,* both of Wichita, and *Vernon Day,* of Anthony, for the appellant.

*Donald Muir,* and *Henry J. Brady,* both of Anthony, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from an order overruling his demurrer to the petition of the plaintiffs.

The plaintiffs sued J. C. Elvin on a written instrument as follows:

"Whereas a certain note given by Fred Durden and Mollie Durden his wife, bearing date of June 30th, 1919, and secured by mortgage on the north half of section nine, township thirty-one, range seven in Harper county, Kansas, subject and junior to a first mortgage of $8,500.00, came into my hands from the Davis-Wellcome Mortgage Company, to whom the said $1,500.00 mortgage was made and it becoming necessary to secure the funds to complete this loan, then the conditions of this obligation are such,

"That J. C. Elvin hereby guarantees the Citizens State Bank, Harper, Kansas, who is taking up the said $1,500.00 against loss in the handling of this loan, either of principal or interest and in case the note is paid according to the tenor of the same then this agreement and contract to be null and void, otherwise to be and remain in full force and effect."

The petition did not allege any attempt to collect the note from its makers, Fred Durden and Mollie Durden, nor give any reason why such attempt had not been made. It should be noticed that this contract does not guarantee payment of the note; it guarantees against loss in handling the note. The rule governing contracts of this character was declared in *Burton v. Dewey,* 4 Kan. App. 589, where that court said:

"A cause of action does not accrue on a guaranty of indemnity against loss, as the result of the nonpayment of a debt, until it is shown that the debt is

not by reasonable effort collectible from the principal debtor." (See, also, *McNall v. Barrow & White,* 33 Kan. 495, 6 Pac. 897, and *Furst v. Buss,* 104 Kan. 245, 247, 178 Pac. 411.)

The plaintiffs in their brief say:

"Appellees admit without question the correctness of the law as presented by attorney for appellants; that under the terms of the guaranty made by appellants that it is necessary to allege and prove a demand against the principal debtor, and further admit that this was a guaranty against loss and not a guaranty of payment."

Excuses are given by the appellees for not making the necessary allegations. They are not availing. An amendment of the petition was filed after this appeal was taken, but that amendment cannot be considered. The judgment must be reversed, but it does not follow that judgment should be rendered in favor of the defendant.

The judgment is reversed, and the trial court is directed to sustain the demurrer of the defendant to the petition of the plaintiff.