## HALEY v. VILLENEUVE AND WIFE.

A *certiorari* will not lie to a Justice's Court ordinarily, until after judgment.

A *certiorari* must ordinarily be applied for within the time prescribed by the statute.

Where a defendant, without good cause shown fails to make his defence in a Justice's Court, he is remediless.

Where, on the trial of the right of property, levied on by execution, in a Justice's Court, the Court, (the successor of the Justice who rendered the judgment,) on motion, quashed the execution and dismissed the case, on the ground that the plaintiff in execution was a free negro, residing in this State in violation of law this Court said, The successor in office of the Justice had no authority to revise the action of his predecessor ; nor could the claimant of the property levied on by virtue of the execution, institute an inquiry into the merits of the judgment, with a view to set it aside, in that collateral proceeding.

A judgment in favor of a free negro who is residing in this State, for the use of a free white person, is not void.

Appeal from Calhoun. The appellant brought suit against the appellee, Villeneuve, before a Justice of the Peace, and on the 3rd of March, 1850, obtained judgment for the use of one Howerton. Execution issued, and was levied on a billiard table, which the wife of the defendant in execution claimed as her separate property. Upon the trial of the right of property, the claimant moved the Court to quash the execution and set aside the proceedings, on the ground that the judgment was void, because rendered in favor of a free person of color, residing within this State in violation of law. The Justice, who was the successor in office of the Justice who rendered the judgment, sustained the motion. Afterwards, the successor in office of the Justice who rendered the last mentioned judgment, on the motion of the plaintiff, set aside said judgment, quashing the execution, &c., and appointed a day for the trial of the right of property. And thereupon, on the 15th of July, 1851, the claimant and her husband, petitioned the District Court for a *certiorari* to bring before the Court for revision, and to set aside and annul the original judgment and the proceedings thereon. The petition gave a

77

history of the proceedings, and alleged as a reason why the judgment should be vacated and annulled, that the plaintiff therein was a free man of color, residing in this State in vio-lation of law.

. On the return of the *certiorari*, the defendant therein mov-ed the Court to dismiss the petition, for the want of legal suffi-ciency, and because not in time. The Court overruled the motion, sustained the petition, and dismissed the original case from the Justice's Court, for the reason assigned in the peti-tion. The defendant in the *certiorari* appealed ; and assigned as error, the judgment of the Court sustaining the petition for *certiorari*, and dismissing the case from the Justice's Court.

*F. S. Stockdale*, for appellees. The Courts of this State, have no jurisdiction of the person of free negroes in civil ac-tions of the character of this. They can have no other, higher or greater rights in the Courts, than alien enemies. The judg-ment of the District Court was correct therefore; on the ground that there was no jurisdiction,

But there is no error in the judgment even if the Court had jurisdiction of the person. If the first judgment in the Jus-tice's Court was correct and made by a Court having jurisdic-tion, yet, upon the trial of the right of property, it was com-petent to consider the validity of the execution ; and a judg-ment quashing the execution was irreversable except in the mode prescribed by law. The plaintiff did not perceive this mode; but, permitted the time to elapse in which he could sue out his writ of *certiorari ;* then by an unheard of proceeding seeks, and gets a new incumbent of the office of Justice, to revive the execution, that had been quashed previously, by a competent Court, acting upon a matter coming regularly be-fore it.

WHEELER, J. The petition for *certiorari* was manifestly insufficient, and should have been dismissed on motion. There

had been no trial of the right of property, and, consequently, there was no judgment of which the claimant could ask a revision. More than the time limited for obtaining a *certiorari* to revise the judgment of the Justice, had elapsed before the filing of the petition, and the defendant in the judgment was therefore barred of his remedy. But if the petition had been in time, it should have been dismissed for the want of merits. Repeated decisions of this Court have settled, that a defendant in a judgment rendered by a Justice of the Peace, cannot have a *certiorari* to bring the case into the District Court for a revision of the judgment or a new trial therein, for matters, which might have been urged, but which, without showing a sufficient legal excuse for the omission, he neglected to urge at the trial before the Justice. (Hope v. Alley, *Ante*, 259.)

The proceedings subsequent to the judgment, by which its legal effect was sought to be avoided, were manifestly irregular and illegal. The successor in office of the Justice had no authority to revise the action of his predecessor. Nor could the claimant of the property, levied on by virtue of the execution, institute an inquiry into the merits of the judgment, with the view to set it aside, in that collateral proceeding. The merits of the judgment could not be thus drawn in question. Nor does the petition for a *certiorari* disclose any right in either the defendant in the judgment, or the claimant, to have a revision of the judgment, or an inquiry into its merits.

The judgment is reversed, and the petition for *certiorari* and the proceedings thereon dismissed.

Reversed and dismissed.