## R. W. NESMITH v. J. D. McLEMORE AND OTHERS.

The endorsee of a negotiable note, which, on its face, expresses the consideration to be for the purchase of land, is not compelled to enforce the vendor's lien, in order to secure the liability of the endorser.

ERROR from Cass.    Tried below before the Hon. William S. Todd.

This was a suit, by the defendants in error, against D. W. Boyd, as the maker of a promissory note for $1250, and R. W. Nesmith, the plaintiff in error, as the endorser.

The note, on which suit was brought, contained a statement of the consideration, as follows : "The same being for lots Nos. 11 and 12, in block 10, according to deed of this date." It was payable to Nesmith, and by him endorsed to the plaintiffs, before maturity.

The petition alleged the making and delivery of the note, the endorsement and transfer to the plaintiff, set out the note in the body of the petition, and prayed for judgment against the defendants, without making any reference to the existence of any lien, or prayer to subject the lots to the payment of the debt sued for.

The defendants failed to answer, and judgment by default was rendered against them, for the amount of the note, with interest.

The plaintiff in error, assigned the following ground of error: "That the plaintiffs released a security reserved by the plaintiff in error, for the payment of the debt, viz., the lien of vendor."

*M. Farley*, for the plaintiff in error.

*T. J. & J. H. Rogers*, for the defendants in error.

ROBERTS, J.—We are of opinion, that there is no error in this case. The assignees of a negotiable note, given originally for land, are not compelled to enforce the vendor's lien, in order to

secure the liability of the assignor, who is the payee of the note. It does not constitute one of the conditions upon which the assignor's liability attaches, according to the mercantile law. If such a rule were ingrafted on it, facts are not stated in the petition, from which it could be assumed by the court, in this case, that the vendor's lien had necessarily been secured and preserved. If the lien had existed, and been preserved, the assignor may possibly have shown that fact, for his own benefit, by pleading and proof, upon the trial. And this intimation is made, simply to show, that we do not decide that the assignor cannot, at the proper time, litigate this matter. Judgment affirmed, with ten per cent. damages.

Affirmed with damages.