Peddicord & Wyman v. Whittam, et al.

---

PEDDICORD & WYMAN v. WHITTAM *et al.*

1. NEGOTIABILITY. A promissory note payable in property is not negotiable unless it is manifest that such was the intent of the maker. The use of the words, "order" or "bearer" will not show such intent. Code, section 950.
2. ORIGINAL NOTICE. A notice calling upon the defendant to answer upon a promissory note, is sufficient, even though the instrument sued on is not technically a promissory note.
3. GUARANTY: ALLEGATION. In an action against a guarantor, who was a payee or assignee of a negotiable promissory note, it is not necessary to allege demand and refusal of payment, and notice thereof nor to aver due diligence by instituting a suit; nor that defendant has suffered no detriment by a failure to use such deligence.

4. INDORSEMENT OF A NON-NEGOTIABLE INSTRUMENT. The indorsement of a non-negotiable instrument is a promise to pay, and not a conditional contract to pay upon demand of, and refusal by, the maker.

5. *Long* v. *Smyzer*, 3 Iowa 266; and *Wilson* v. *Ralph*, Ib. 450; cited and followed.

### *Appeal from Linn District Court.*

#### FRIDAY, OCTOBER 28.

The Plaintiff sued the defendants on a contract of the tenor following: "April 25th, 1858. Four months after date, for value received, I promise to pay Crosby & Co., or bearer, one hundred and ten dollars in merchantable wagon lumber, at two dollars per hundred—such sizes and dimensions as we may order, and to be delivered at our shop in Marion—and if not paid in lumber, to be cash and ten per cent interest after due.        ISAAC M. WHITTAM."

This was indorsed: "Assigned to R. H. Lucore & Co. the 20th of August 1858.   Crosby & Co." and also, "We guarantee the within note to Peddicord & Wyman.   R. H. Lucore & Co." Suit was commenced on the 26th, August 1858, against all these parties, maker and assignors. Whittam appeared specially, and moved the court to dismiss the action as to him because commenced before the plaintiff could legally sue. Lucore & Co. also filed a motion and a demurrer, which are noticed in the opinion of the court. These were overruled, and judgment was rendered for the plaintiffs.

*Isbell, Hubbell & Stevens*, for the appellants.

*Preston & Thompson*, for the appellees.

WOODWARD, J.—The instrument sued on is not a promissory note, nor is it negotiable under Sec. 950 of the Code, as claimed by the defendant Whittam. That section provides that promises to pay property, or a sum of money in property, shall be negotiable whenever it is manifest from

the terms that such was the intent of the maker. But the use of the word "order" or "bearer" alone will not manifest such intent. There is nothing in this paper indicating an intent to make it negotiable, save the use of the word "bearer," consequently the days of grace claimed by this defendant do not pertain to the contract.

The defendant, Lucore & Co., moved to dismiss the action in substance because no sufficient notice had been served, and assigned as cause, that the petition is upon the contract of guarranty, and the notice is to answer to a demand for money due on a promissory note. The notice in calling upon defendant to answer upon a promissory note is sufficiently accurate for the purpose of an original notice, even admitting that the instrument is not technically a promissory note ; and we do not think the Court erred in so holding.

Lucore & Co. also demurred to the petition for several causes which will be noticed without a formal statement of each. The guaranty of Lucore & Co. to the plaintiffs is not under section 953, 954 and 955 of the Code. These refer to the indorsement by one who is not a payee, indorsee, or assignee. The particular effect of this, and the rights attending it, do not belong to the indorsement and express guarranty of an assignee who becomes assignor and guarantor of such an instrument. It was not requisite that the petition should aver a demand and refusal of payment, and notice thereof, *Long* v. *Smyzer et al.*, 3 Iowa 266; *Wilson* v. *Ralph* et al. Ib. 450; nor was it necessary to aver the use of diligence by instituting suit, nor that the defendants had suffered no detriment by reason of this not being done.

By the law of Iowa a consideration is implied in a written contract, and it need be no farther expressed than is here done. A copy of the instrument and indorsements is embodied in the petition, and no further one is necessary.

Whether these defendants Lucore & Co. are properly made parties depends upon the construction to be given to their contract.

In the case of *Long* v. *Smyzer*, and *Wilson* v. *Ralph, supra*,

a simple indorsement of a non-negotiable instrument was held to be a promise to pay it, and not conditional upon demand and refusal.

In the present case the indorsement is, "we guaranty this note." This means a guaranty that the note shall be paid at maturity, on presentation, or according to the nature of the case. Under this construction the defendants were properly made parties defendant and the demurrer was correctly overruled.

The instrument not being a promissory note, properly, days of grace do not attach to it, and the motion of defendant based upon the ground that the action was commenced too early, is without foundation, and was correctly overruled.

The judgment of the District Court is affirmed, but as it appears that the cause is not finally disposed of, on other grounds, in that court, but stands continued, a writ of *procedendo* will issue.