Opinion by
Walker, P. J.
§ 801. Indorser of note secured by vendor's lien on land cannot defeat jurisdiction of county court, of suit to recover the amount of the note, by pleading such lien; case stated. Appellees sued Crozier as the maker, and E. D. Gribble as the indorser, of a promissory note for $530, bearing twelve per cent, per annum interest from date. Crozier pleaded under oath that the consideration of said note was $500 borrowed by him of appellants; that said note stipulated indirectly for a greater rate of interest than was legal, viz., for twenty-four per cent, per annum. Gribble pleaded that he was but an indorser; that Crozier was insolvent; that the land men *705 tioned in the note was Gribble’s homestead, and was not subject to any debt except that evidenced by said note; that the vendor’s lien upon said land could not he foreclosed in said county court; wherefore he prayed that the suit be abated, because said court could not render a judgment which would properly protect his rights as indorser. This plea of Gribble’s, upon exception, was stricken out. Judgment was rendered for appellees for the full amount of the note and interest. Held: The court did not err in striking out Gribble’s special plea. He had no right, as an indorser of a note which retained a vendor’s lien on land, to require the owner of the note to sue for the enforcement of the lien, and to subject the property to sale for the payment of the note, as a condition precedent to his liability to have a judgment rendered against him on the note as such indorser. [Nesmith v. McLemore, 23 Tex. 442.] The judgment rendered accorded to him all the rights to which he was entitled in this action for his protection as indorser, as it provided in terms that the property of Orozier should first be sold for the satisfaction of the judgment. What rights Gribble might be entitled to in respect to his subrogation to the securities held by appellees, in case he should pay the judgment, need not be discussed.
§ 802. Usury; evidence to prove; res gestee; indirect usury. The court erred in excluding evidence offered by appellants to prove that Gribble indorsed the note as surety for Orozier at appellees’ request. The controlling issue in the case was whether the transaction had with appellees in the transfer of the note to them by Gribble, was a sale of the same by him to them, or was a loan of money by appellees to Orozier, for which Orozier executed this note with Gribble as an indorser for accommodation. The evidence offered was part of the res gestee of the transaction, and its admissibility does not contravene the rule of evidence which disallows parol evidence to vary a written contract. [1 Greenl. Ev. §§ 108, 282.] The evidence is exceedingly conflicting as to. the facts *706 which determine whether the transaction was a sale or a loan, and therefore the exclusion of this proposed testimony was material error which may have prejudiced appellees’ rights. The cause was tried by the court without a jury, and as the ruling of the court on the question above disposed of indicates that the court probably may not have considered that the participation of appellees in the maldfig, indorsing and acceptance of the note, as it was thus prepared for negotiation and discounting, could in law affect them on the question of usury, we are of the opinion that the judgment should be reversed and the cause remanded. The mere form under which the transaction proceeded is not' the decisive test as to whether appellees may be affected by usury in the note. If the transaction was in substance and fact a loan of money by appellees to Crozier, the mere fact that the note was made payable to Cribble, and by him indorsed to them, will not alter its legal features nor serve to avoid the consequences of usury. If a note is offered for discount by the maker, it is plainly usurious as between him and the party to whom it is delivered, if the discount from its face value were greater than that allowed upon a loan. [1 Danl. Neg. Inst. § 753.] Appellees, after the foregoing report, filed a remittitur in the court of appeals of all interest awarded them by the judgment of the court below, and thereupon the judgment was reversed and'rendered for the principal debt without interest, and for all costs, except the costs of appeal, which were adjudged against appellees.
May 14, 1885.
Reversed and rendered.