EVERETT H. DEWEY *vs.* W. B: CLARK INVESTMENT CO.

Argued Jan. 6, 1892. Decided Jan. 18, 1892.

**Guaranty of Collection—Exhausting Securities.**—Where one assigns a note, which is secured by mortgage, guarantying its collection, and at the same time, and as part of the same transaction, also assigns the mortgage, he is not liable upon the guaranty until resort has been had to the mortgage security. In such a case the condition of the guarantor's contract is that he will pay the debt, provided, on due diligence, it cannot be collected out of the debtor or the mortgage security.

Appeal by plaintiff, Everett H. Dewey, from an order of the district court, Hennepin county, *Lochren*, J., made July 11, 1891, overruling a demurrer to the answer.

John Paulson made his note, with interest coupons, February 1, 1888, to T. E. Penney for $450 and interest, and secured its payment by a mortgage on 80 acres of land in Brookings county, South Dakota. On March 23, 1888, plaintiff bought this note and mortgage, and they were duly assigned to him. Defendant at the same time, in consideration of the purchase, indorsed upon the note and executed an instrument as follows:

"For value received we hereby guaranty the collection of the within principal note, and of the interest notes thereto attached.

"THE W. B. CLARK INVESTMENT COMPANY.

"Per T. E. PENNEY, Sec'y."

The debt having fallen due and being unpaid,. plaintiff took no measures to enforce the mortgage, but brought this action upon the guaranty, alleging Paulson to be a nonresident of this state, and utterly insolvent. Defendant answered, setting forth the facts above stated. The plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a defense to the action.

*Fred W. Reed*, for appellant.

This appeal must turn upon the interpretation of the contract sued upon. This the courts have always construed to mean that the guarantor will pay the note if it cannot be collected by due process of law. And due process of law is had when an execution is returned unsatisfied in an action on the note, or the maker is shown to be insolvent. *Nichols, Shepard & Co.* v. *Allen*, 22 Minn. 283; *Lemmon* v. *Strong*, 59 Conn. 450; *Gary* v. *Cannon*, 3 Ired. Eq. 64. It is the rule in expounding instruments of this character that the words of the guarantor are to be taken as strongly against him as the sense will admit. *Drummond* v. *Prestman*, 12 Wheat. 515; *Sickle* v. *Marsh*, 44 How. Pr. 91; *Gates* v. *McKee*, 13 N. Y. 232.

Appellant's position is simply this: Respondent sold appellant this note. To induce the purchase, it transferred as security a collateral contract,—this mortgage. As a further inducement to purchase, it made as security this other collateral contract,—this guaranty,—two absolutely independent contracts. By this last contract respondent agreed that, if the note could not be collected from John Paulson when due, it would pay the note, and thus be entitled by subrogation to all collateral remedies. *Nichols, Shepard & Co.* v. *Allen*, 22 Minn. 283; *Brackett* v. *Rich*, 23 Minn. 485; *Conner* v. *Howe*, 35 Minn. 518; *Day* v. *Elmore*, 4 Wis. 190; *Osborne* v. *Smith*, 18 Fed. Rep. 126; *Stone* v. *Rockefeller*, 29 Ohio St. 625; *Jones* v. *Ashford*, 79 N. C. 173; *New Orleans Canal & Banking Co.* v. *Escoffie*, 2 La. Ann. 830; *Jones* v. *Tincher*, 15 Ind. 308; *Cullum* v. *Emanuel*, 1 Ala. 26.

*Cobb & Wheelwright*, for respondent.

Contracts of guaranty are to be construed like other contracts, and the intent of the parties, as collected from the whole instrument and the subject-matter to which it applies, must govern. Such intention

must be ascertained from the language of the instrument, and the facts and circumstances attending its execution. *Locke* v. *McVean,* 33 Mich. 473; *Mathews* v. *Phelps,* 61 Mich. 327. The sale of the note and the guaranty thereof by respondent, together with the transfer of the mortgage to appellant, constituted one entire transaction. The purchase of the mortgage constituted the only consideration for the guaranty, and the mortgage was attached to the debt itself. The mortgage constitutes the chief value of the debt, and is what is generally purchased, rather than the note. *Barman* v. *Carhartt,* 10 Mich. 338; *Johnson* v. *Shepard,* 35 Mich. 115; *Brainard* v. *Reynolds,* 36 Vt. 614; *Borden* v. *Gilbert,* 13 Wis. 670; *Newell* v. *Fowler,* 23 Barb. 628; *Baxter* v. *Smack,* 17 How. Pr. 183.

The rule announced in *Day* v. *Elmore,* 4 Wis. 190, cited by appellant, was subsequently repudiated in *Borden* v. *Gilbert,* 13 Wis. 670.

MITCHELL, J. One Paulson executed a promissory note to one Penney, and at the same time executed to him a mortgage on certain real estate to secure its payment. Penney was the secretary of the defendant company, and, although the fact does not distinctly appear, and probably is not material, we infer that the note and mortgage, although taken in the name of Penney for convenience, were in fact the property of the defendant. Subsequently, and before the maturity of the note, the defendant sold it to the plaintiff, guarantying its collection, and at the same time, and as part of the same transaction, sold and transferred to plaintiff the mortgage, and caused Penney to execute to him the proper instrument of assignment. Paulson, the maker, is utterly insolvent, but the plaintiff has never resorted to the mortgage security, or attempted in any manner to collect the note out of it, although it is sufficient to pay the debt. A demurrer to an answer setting up these facts as a defense to an action brought on the guaranty presents the question whether, upon the facts stated, defendant's contract of guaranty is conditioned upon plaintiff's first resorting to and exhausting the mortgage security. The first step towards ascertaining defendant's liability is to determine the meaning of a contract guarantying collection. The whole law on this subject, stated generally, is that the guarantor agrees to pay the debt in case it cannot be collected out

of the principal debtor by the exercise of *due or reasonable diligence*. The condition of the guarantor's liability is the exercise of this degree of diligence on part of the creditor, and his inability thereby to collect the debt, and the corresponding duty of the creditor is to exercise such diligence before resorting to the guaranty. Courts, in attempting to give a fixed and inflexible meaning to a term, which is in its nature incapable of it, have sometimes defined "due or reasonable diligence" in such cases as a resort to "the ordinary course of the law," which, in turn, they have defined as obtaining judgment, issuing an execution, and its return unsatisfied. An illustration of this is found in *Stone* v. *Rockefeller*, 29 Ohio St. 625, cited by plaintiff. As an almost necessary result of such definitions, some courts have held, on the one hand, that due diligence requires the creditor to first prosecute an action against the principal debtor to judgment with a return *nulla bona*, although it is absolutely certain in advance that this will be fruitless, and, on the other hand, that this is all that due diligence requires, and that the creditor is not required also to resort to mortgage or other collateral securities, although they may be in all respects ample and available. In view of the fact that the end to be attained is the collection of the debt, the consistency of such rulings, or why due or reasonable diligence should necessarily be limited in all cases to the prosecution of a personal action against the debtor, is not entirely apparent. But without deciding what the rule is where the mortgage security was given by the debtor directly to the creditor, and not furnished by the guarantor, we think that, upon both principle and authority, it must be held that where a party holding a note secured by mortgage sells the note, guarantying its collection, and at the same time, and as part of the same transaction, assigns the mortgage, thereby furnishing the purchaser the means of obtaining payment, in whole or in part, the plain import of the guarantor's contract is that he will pay the debt, provided, on due diligence, it cannot be collected out of the debtor or out of the mortgage. Construed in the light of the facts, this must have been the understanding of the parties. A person guarantying such a debt, and assigning the mortgage with it, must have contemplated a collection by means of the mortgage, and that he would not be looked to until the

creditor had resorted to that, if available. *Barman* v. *Carhartt*, 10 Mich. 338; *Johnson* v. *Shepard*, 35 Mich. 115; *Borden* v. *Gilbert*, 13 Wis. 670; *Brainard* v. *Reynolds*, 36 Vt. 614. We have found no case to the contrary, except *Day* v. *Elmore*, 4 Wis. 190, which is silently overruled in *Borden* v. *Gilbert*, *supra*. *Jones* v. *Ashford*, 79 N. C. 172, is really not an authority, for in that case the purchaser positively refused to take an assignment of the note and mortgage, saying that he preferred the guaranty alone, and no formal assignment of the mortgage was ever made. Cases of sureties and guaranties of payment are, of course, not in point.

Order affirmed.

(Opinion published 50 N. W. Rep. 1032.)