CHARLES I. FALL v. CLARION A. YOUMANS and Another.[1]

December 28, 1896.

Nos. 10,310—(147).

**Guaranty of Note—Removal of Maker—Duties of Payee.**

The defendant transferred to the plaintiff, and guarantied the collection of, a promissory note executed in Wisconsin, of which state the maker was a resident at the time the note was executed. Before the maturity of the note the maker removed from the state of Wisconsin, and became a resident of the state of Illinois. *Held*:

1. That, if the maker had continued to reside in Wisconsin, the plaintiff would have been required to proceed against him in that state, or prove that such proceedings would be wholly fruitless, before pursuing the defendant on his guaranty. The fact that the guaranty was made in Minnesota is not material.

2. But that plaintiff is not bound to follow the maker into the state of Illinois.

3. That the burden is on the defendant to prove that the maker has property in Wisconsin out of which the note might be collected, in whole or in part, and not upon plaintiff to prove that he has not.

Appeal by plaintiff from an order of the district court for Hennepin county, Pond, J., denying a motion for a new trial. Reversed.

*Alvord C. Egelston*, for appellant.

The contract of guaranty is assignable with the note. Everson v. Gere, 40 Hun, 248. When the maker of a note which is guarantied removes from the state before it falls due, the holder may resort to his action on the warranty without pursuing the maker. White v. Case, 13 Wend. 542; Edwards, Bills, etc. (3rd Ed.) § 335; Daniel, Neg. Inst. (4th Ed.) § 1769a; Cooke v. Nathan, 16 Barb. 342; Mosier v. Waful, 56 Barb. 80; First Nat. Bank v. De Morse (Tex.) 26 S. W. 417; Burt v. Horner, 5 Barb. 501. See Foster v. Julien, 24 N. Y. 28; Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121.

*Harrison & Noyes*, for respondent.

MITCHELL, J. In November, 1893, at Neilsville, Wisconsin, a Mrs. Rodman executed to defendant a promissory note, payable 18

[1] Reported in 69 N. W. 697.

months after date, no place of payment being specified.    In September, 1894, in the state of Minnesota, the defendant sold and transferred the note to plaintiff's assignor, and at the same time guarantied its collection.    Plaintiff brought this action against the defendant as guarantor.    When the plaintiff rested the court dismissed the action.

Objection is made to the sufficiency both of the complaint and of the evidence, but both involve the same question.    The complaint alleged that at the time the note was executed the maker was a resident of Wisconsin, but that before the maturity of the note she removed to the state of Illinois, where she has ever since resided; but it did not allege that she had no property in the state of Wisconsin. The defendant, in his answer, alleged that at the time he transferred the note the maker was, and still continued to be, a resident of the state of Illinois.    Upon the trial the plaintiff introduced evidence that, at the time of the transfer of the note and the execution of the guaranty, the defendant represented to him (acting as agent for his mother and assignor in the transaction) that the maker was then a resident of Wisconsin.    This admission of defendant was evidence against him that the maker was still a resident of Wisconsin; and, even if she had in fact already removed from that state, yet if the note was purchased and defendant's guaranty accepted in reliance on defendant's statement, the rights and liabilities of the parties must be determined on the basis of its truth.

Further than this, the fact that the note was executed in Wisconsin raised a presumption that the maker was a resident of that state at the time it was executed.    Herrick v. Baldwin, 17 Minn. 183 (209). The presumption would be, and the plaintiff would have a right, in the absence of notice to the contrary, to assume, that the maker still continued to be a resident of that state.    The guaranty must be interpreted in reference to the situation and condition of the maker of the note, actual or rightfully assumed, at the time the guaranty was made.    Hence it would make no difference in the rights and obligations of the parties whether the note was purchased in reliance upon the express statements of the defendant that the maker was still a resident of Wisconsin, or on the assumption, in the absence of notice to the contrary, that she still continued to reside in that state.

Taking the evidence in connection with the admission in the an-

swer, the plaintiff sufficiently proved that the maker of the note had, before its maturity, permanently removed from the state of Wisconsin, and taken up her residence in the state of Illinois; but he introduced no evidence that she did not have property subject to attachment in the state of Wisconsin, and it was on this ground that the court dismissed the action.

This raises the only question in the case, viz. was it necessary that the plaintiff should allege and prove, not only that the maker had removed from Wisconsin, but also that she had no property in that state subject to attachment? It is well settled that, if the maker had continued to be a resident of Wisconsin, the plaintiff would have been required to proceed against her in that state, or prove that such proceedings would have been fruitless, before pursuing the guarantor. The fact that the guaranty was executed in Minnesota is not material. It is equally well settled that if, at the time of the maturity of the note, the maker had removed from the state of Wisconsin, and taken up her residence in another state, the plaintiff would not be bound to follow her into the latter state before suing the guarantor. If, however, it had appeared on the trial that, notwithstanding the removal of the maker from the state of Wisconsin, she still had property in that state out of which the note could be collected, in whole or in part, this would have been a good defense in abatement of this action. But the question is, on which party is the burden of proof? Must the plaintiff prove that the maker has no property in that state, or must the defendant prove that she has?

It is more important that the rules of law in relation to commercial paper should be definite and fixed than that they should be strictly and logically correct on principle. And if a rule be once fully settled by the authorities it ought to be adhered to, even if incorrect in principle. We have not found, nor have counsel referred us to, any case directly in point, on either side of this question, except White v. Case, 13 Wend. 543, which, it must be admitted, is an authority in favor of the defendant. It is to be noted, however, that the particular point here involved, and upon which the decision of that case was made to turn, does not seem to have been raised or discussed by counsel. The question is not discussed at all by the court, and, while the case has been frequently cited with approval on other points, we do not find that it has ever been cited to the particular question now

before us.    Edwards and Randolph apparently indorse the doctrine of White v. Case, but cite no other authority supporting it.    See Edw. Bills & N. (3d Ed.) § 335; 2 Rand. Com. Paper, § 890.    It is worthy of note that, while Daniel cites the case to another point, he is conspicuously silent upon the question involved here.    Daniel, Neg. Inst. § 1769a.

Upon this state of the authorities, we feel at liberty to treat the question as one of first impression, and decide it in accordance with what we deem correct principles.    In the first place, it is inconvenient, in practice, to require a plaintiff to prove a negative in such cases.    The guarantor is presumably better acquainted with the financial condition of the maker than the transferee of the note is, and, if the maker has property in the state from which he has removed, he ought to be able to show it.    In the next place, there is no presumption that a man has property in a jurisdiction other than the one in which he resides.    In fact, the law usually proceeds on just the contrary presumption.    Suppose, for example, the maker of this note had continued to reside in Wisconsin; all that plaintiff would have been required to prove, in order to maintain an action against the defendant, would be the rendition of judgment in that state against the maker, and the issue and return of an execution unsatisfied in the county where she resided.    If she had property in any other county in that state, it would have devolved on the defendant to prove it.    But why should a different presumption obtain when she has removed to another state, and a presumption be indulged in that she has property, not merely in a county, but in a state, other than the one in which she resides?    We are not prepared to say that there may not be cases where the circumstances under which the party left the state might be such as to indicate only a temporary absence, and to raise a presumption that he left his property behind him; but in this case the fact appears that the maker of the note has permanently removed from the state, and taken up her place of residence in another state.

Our conclusion is that all that it was necessary for plaintiff to prove was that the maker had removed from the state of Wisconsin; that, if she left any property in that state, the burden was on the defendant to prove it.

Order reversed, and new trial granted.