Louis W. Levy v. Clara Wagner et al.

Decided May 29, 1902.

1.—Principal and·Surety—Agreement to Indorse Notes—Refusal—Liability.

Where a sale of land on credit was made in reliance on the written agreement of L., a third person, to indorse one of the purchase money notes, L.'s liability under the agreement after his refusal to indorse the note was the same as though he had indorsed it, and the payee owed him no duty to endeavor to obtain another indorser in his stead.

2.—Same—Bankruptcy of Maker.

The payee of a bankrupt note owes no duty to a·surety thereon to prove up the debt as a claim against the brankrupt estate.

3.—Same—Note—Indorser.

The indorser of a note which retains a vendor's lien on land has not the right to require the holder to enforce the lien and sell the property before he can have judgment against such indorser.

Appeal from Galveston. Tried below before Hon. Robert M. Franklin.

*James B.* and *Charles J. Stubbs,* for appellant.

*Terry, Ballinger, Smith & Cavin* and *Ballinger Mills,* for appellee.

GARRETT, Chief Justice.—This action was brought by Clara Wagner and others against Max Borschow and his wife Sarah Borschow, Louis W. Levy, M. Rosenberger, and I. Hauser, the said Hauser both personally and as trustee in bankruptcy for the said Max Borschow, and against M. S. Ujffy, as trustee in a deed of trust, to recover the amount of certain promissory notes given for the purchase money and the cost of improvements upon lot No. 12, the east half of lot No. 13, and the west half of lot No. 11, in block No. 338 in the city of Galveston, which had been sold by the plaintiffs to Borschow and wife. A foreclosure was asked of the vendor's lien and that of the deed of trust given by Borschow and wife to M. S. Ujffy as trustee to secure the payment of the notes. Judgment was also sought against the defendants Levy, Hauser, and Rosenberger upon their agreement to indorse and as the indorsers of three of the notes, one by each of them. Pending the suit Hauser and Rosenberger paid the notes indorsed by them. The result of the suit was a judgment in favor of the plaintiffs establishing the liens claimed against the property for the sum of $12,160.57, being the balance of principal, interest, and attorney fees due upon the notes sued on, but provided that process should not issue against the property of Sarah Borschow, wife of defendant Max Borschow, nor against him, as he had been discharged in bankruptcy since the making of the notes and creation of the liens sued on. It was also adjudged that Levy owed plaintiffs $641.28, being, according to the decree, the amount of the note for $576, dated June 14, 1899, due twelve months after date, with interest at 8 per cent per annum, $65.28, total, $641.28, which note he

had refused to indorse. The decree, however, provided that no execution should issue against Levy's property unless the land and improvements should sell under the foreclosure for less than $6013.20, in which case execution should issue against Levy for the difference between $6013.20 and the amount realized from such sale, not to exceed the said sum of $641.28. The other orders contained in the decree are formal and need not be recited. There is no statement of the facts in the record, and the questions here presented are raised by assignments of error upon exceptions to the action of the court in sustaining demurrers to the defenses pleaded by the defendant Levy. The petition alleged the sale of the lots to Borschow at $3000 and the advancement to him of $5000 for the construction of improvements thereon, and in consideration thereof the execution of twelve promissory notes by Borschow to the plaintiff for the principal amount and interest included to the maturity thereof; and further alleged that by a contract in writing one Jake Davis and the defendants Levy, Hauser, and Rosenberger, each of them agreed in the order named to indorse one of the four notes maturing first, the said notes being for the sum of $576 each and due respectively six, twelve, eighteen, and twenty-four months after date; but that when the note to be indorsed by the defendant Levy was presented to him for indorsement he declined to indorse the same. He was sued both as an indorser and upon his agreement to indorse. His defenses to which demurrers were sustained in the court below are summarized as follows: (1) That the liability of the defendant Levy was secondary, and that the plaintiffs had no recourse against him except for a deficiency remaining after the application pro rata to this note and the others of the proceeds of the sale of the property upon which the lien had been retained. (2) That the estate of Borschow, who had been adjudged a bankrupt, had paid a dividend of about 40 cents on the dollar on the indebtedness proved against him, and that plaintiffs could and would have collected from 35 per cent to 40 per cent on their claim if they had taken steps to obtain such payment, which they wholly failed to do. (3) That after the defendant Levy declined to indorse said note plaintiffs could and should have required Borschow to procure another indorser, and should have endeavored to make the amount thereof out of other assets of said Borschow; that it was the duty of plaintiffs to use ordinary prudence and care to avert or lessen a loss resulting from a breach of the agreement, the terms of the answer being that by using proper or ordinary care plaintiffs could have fully protected themselves against defendant's alleged failures to indorse. The contract by which the defendant Levy agreed to indorse the note was exhibited as a part of the petition. It set out the terms of the sale to Borschow and described the twelve promissory notes that were to be executed, and recited that all were to be secured by vendor's lien and mechanic's lien or otherwise as determined by the vendors of the parcels of land; and further that, "whereas it being desirous to have the first four of said notes indorsed by some reliable party for further

security, now therefore, know all men by these presents, that we, the undersigned, agree and will indorse said M. Borschow's notes, respectively, when presented to us as follows: * * * Second note of $576 payable twelve months after its date, etc., by (Signed) L. W. Levy." This agreement was dated February 16, 1899. It appeared from the averments of the petition that afterwards, on or about March 11, 1899, the plaintiffs, relying upon said agreement, consummated their trade with Borschow.

The defendant Levy was sued both as an indorser and upon his agreement to indorse, and so far as any questions arising upon the record are concerned, it is immaterial whether the suit be regarded as one against him as an indorser of the note or upon his agreement to indorse it, for in case of breach of an agreement to indorse the measure of damages would be the same as for a recovery upon the indorsement, and the defenses pleaded by him are, we think, equally inapplicable to both forms of actions. If he had indorsed the note his liability would have been that of a surety, since the agreement was to indorse for the purpose of furnishing security. 1 Dan. Neg. Inst., sec. 713b; Cook v. Southwick, 11 Texas, 617; Latham v. Houston Flour Mills, 68 Texas, 127; Brandt on Sur. and Guar., secs. 147-154. The intention of the parties was the test by which their relation to the obligation was fixed. By the agreement that the note should be indorsed as further security was meant that it should be in addition to the security furnished by the lien, and was intended to furnish better security for the entire fund and not merely to secure full payment of the particular note. The indorsement would have made the defendant primarily liable for the payment of the entire amount of the note as surety, and his agreement to indorse must be given the same effect as if he had indorsed it. The securities held by the plaintiffs for the payment of all of the notes were for their own benefit to secure all the debt, and should be applied so as to give them the fullest security. The contention that the note indorsed by the defendant should be credited by a pro rata amount of the proceeds of the sale of the land is inconsistent with the idea of further security of the entire purchase money. Under the bankrupt law the defendant had the same right to prove up the note for payment in the bankruptcy proceedings that the plaintiffs had, and if plaintiffs were satisfied with their security they were under no obligation to go into the bankrupt court and prove the claim for the benefit of the surety. Mere delay and passivity of the creditor does not discharge the surety. He has his own efficient and appropriate remedies. 1 Dan. Neg. Inst., secs. 1326, 1339. Nor has the indorser of a note which retains a vendor's lien on land the right to require the holder of the note to enforce the lien and sell the property before he can have judgment against the indorser. Nesmith v. McLemore, 23 Texas, 442. Levy was bound by his contract to indorse, and it is no answer to a suit to enforce this obligation that the plaintiffs could have collected a part of their claim by proof of it against the estate of Borschow in bankruptcy, or that they

should first exhaust the security furnished by the land. No duty rested on the plaintiffs, when the defendant breached his contract by refusing to indorse the note, to hunt up another person to indorse it in order to reduce the damages for which the defendant was liable on account thereof. The doctrine is not applicable to a contract of suretyship or guaranty as this, since the measure of damages is a fixed liability for the amount of the contract. We deem it unnecessary to notice the remaining assignments of error further than to say that the judgment against the defendant Levy did not include attorney fees, and he is fully protected by the judgment of the court from liability for any sum more than the difference between what the property might sell for and the original amount of the purchase money less payments thereon, if it should sell for less than that amount, not to exceed the amount, principal and interest, of the note which should have been indorsed by him. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.