## THOMAS R. HOLBERT v. ERNEST WERMERSKIRCHEN.[1]

April 10, 1941.

No. 32,726.

W. A. Lienke and E. H. Nicholas, for appellant.
Michael R. Moriarty and H. A. Irwin, for respondent.

PETERSON, JUSTICE.

This is an appeal from the judgment of dismissal rendered pursuant to the order sustaining the demurrer to the complaint.

[1]Reported in 297 N. W. 327.

The complaint alleges that on January 13, 1938, the parties executed a memorandum of agreement that plaintiff had "sold" four Belgian mares to defendant; that defendant had "sold" to plaintiff a promissory note for $4,000 dated December 19, 1935, payable five years after date and bearing three and one-half per cent interest per annum, which was executed by one George Theis and his wife as makers to defendant and his wife as payees and which was secured by a second mortgage on 307 acres of land in Scott county, and that "second party [defendant] agrees that he and his wife will endorse the note guaranteeing it and to assign the mortgage securing said note, and given [give] his note for $250.00 due in sixty days, which both are the consideration and payment for said four mares." The complaint further alleges that the $250 note was given and paid; that plaintiff delivered the horses to defendant and has in all things performed the contract on his part; that defendant breached the agreement to endorse the $4,000 note guaranteeing it; that instead defendant tendered the note endorsed by himself and wife "without recourse"; that plaintiff refused to accept the note because it was not endorsed according to the contract; and that the note has since matured.

The contract was executed at Greeley, Iowa. It was contemplated that defendant, who resided in Scott county, Minnesota, would endorse the Theis note guaranteeing it as he agreed within a reasonable time.

Defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained.

The court below adopted the view that defendant agreed to guarantee collection, not payment, of the note, citing Dewey v. W. B. Clark Inv. Co. 48 Minn. 130, 50 N. W. 1032, 31 A. S. R. 623. It was conceded that if the guaranty was one of collection the complaint did not set forth a cause of action. Plaintiff contends that the agreement was to guarantee payment of the note. The question therefore is whether defendant's liability is a guaranty of payment or collection.

In support of the contention that the agreement was a guaranty of collection, it is urged that if the intention was that defendant should be liable for payment plaintiff would have taken defendant's note, thereby creating a debt directly from defendant to plaintiff and would have secured the same by a pledge of the Theis note; but that, instead, defendant merely assumed a liability on the Theis note in the event it was not paid.

■ The payee of a promissory note who endorses it with an unconditional guaranty of payment becomes absolutely liable to the transferee upon default of the maker without any obligation on the transferee's part to exhaust available legal remedies to collect the note against the maker. Marquette Trust Co. v. Doyle, 176 Minn. 529, 224 N. W. 149; Central State Bank v. Hanson, 158 Minn. 269, 197 N. W. 283; Kleinman v. Sperry, 153 Minn. 447, 190 N. W. 604; 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 4076.

■ A guaranty of payment is absolute and binds the guarantor to pay at maturity upon default of the principal debtor. Central State Bank v. Hanson, *supra;* 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 4076. A guaranty of collection is conditional and binds the guarantor to pay upon the condition that the guarantee or creditor has prosecuted the debtor without success. Fall v. Youmans, 67 Minn. 83, 69 N. W. 697, 64 A. S. R. 390; 3 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 4077.

Parties are at liberty to contract for an absolute or conditional guaranty. A guaranty is absolute and one of payment unless it is by its terms made conditional. Miller v. Northern Brewery Co. (D. C.) 242 F. 164; Hance v. Miller, 21 Ill. 636; Smith v. Cummer Mfg. Co. (Tex. Civ. App.) 223 S. W. 338; 28 C. J. pp. 949-950, § 96. See State ex rel. First Minneapolis Trust Co. v. Fosseen, 192 Minn. 108, 255 N. W. 816, 94 A. L. R. 1149. The contract here was for an unqualified guaranty. There were no words of condition or qualification. The words "guarantee payment" or their equivalent are generally used to express a guaranty of payment. Here the word payment is not used, the agreement is to guarantee the note. The use of the word "payment" is not necessary. A guar-

anty of a note is a guaranty of payment. Donley v. Camp, 22 Ala. 659, 58 Am. D. 274; City Savings Bank v. Hopson, 53 Conn. 453, 5 A. 601; Peddicord & Wyman v. Whittman, 9 Iowa, 471; Cordier v. Thompson, 8 Daly (N. Y.) 172 (guaranty of nonnegotiable note); Beebe v. Kirkpatrick, 321 Ill. 612, 152 N. E. 539, 47 A. L. R. 891 (guaranty of a loan).

While plaintiff relied on the promised guaranty as the ground of recovery, the fact that defendant agreed to endorse the note shows an intention to assume a liability for payment rather than collection. 2 Mason Minn. St. 1927, § 7109 (N. I. L. § 66); Healy-Owen-Hartzell Co. v. Montevideo F. & M. Elev. Co. 165 Minn. 330, 206 N. W. 646, 44 A. L. R. 1238. An agreement to endorse a note binds the promisor to execute an unqualified endorsement with recourse, Corbell v. Stengel (Tex. Civ. App.) 83 S. W. (2d) 1084, and with liability not conditioned on the endorsee's exhausting his legal remedies against the maker. Levy v. Wagner, 29 Tex. Civ. App. 98, 69 S. W. 112.

An agreement to endorse and guarantee imports an absolute liability to pay. We find nothing in the argument to the contrary which compels a different conclusion. By agreeing to endorse and guarantee the Theis note defendant not only assumed a liability to plaintiff for payment, but transferred the note to him as well. The intention that defendant should guarantee payment, which defendant suggests was not shown, is quite clearly expressed by the agreement to endorse and guarantee.

The case of Dewey v. W. B. Clark Inv. Co. 48 Minn. 130, 50 N. W. 1032, 31 A. S. R. 623, upon which the court below and defendant rely, is not in point because that case involved a guaranty of collection, not payment. We there observed that a guaranty of collection is to be distinguished from a guaranty of payment.

■ A contract to enter into a future contract of guaranty is binding like any other contract to enter into a particular contract in the future. Upon breach of a contract to guarantee a debt, the

party entitled to the guaranty may recover the amount of the debt remaining past due and unpaid. That is what the promised performance is worth to him. Hence it measures the damages for the breach. Guaranty Trust Co. v. Koehler (8 Cir.) 195 F. 669, 115 C. C. A. 475. See 2 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 1749. This rule is the same in principle as that which we have followed in cases involving agreements to accept or honor a draft, First Nat. Bank v. Rogers-Amundson-Flynn Co. 151 Minn. 243, 186 N. W. 575; Oil Well Supply Co. v. MacMurphey, 119 Minn. 500, 138 N. W. 784; and which is applied to contracts to endorse commercial paper in the future, Pyle v. Pizitz, 215 Ala. 398, 110 So. 822; 10 C. J. S., Bills and Notes, § 210.

The complaint set forth a cause of action for breach of contract to endorse and guarantee the payment of the Theis note. It was error to sustain the demurrer.

Reversed.