JAMES R. DRESSER AND ANOTHER v. NORTH STAR
WORLD'S FAIR CORPORATION AND ANOTHER.
STRUCTURAL PLASTICS CORPORATION, APPELLANT.

185 N. W. (2d) 284.

March 12, 1971—No. 42347.

*Carlsen, Greiner & Law, Ronald D. Olson,* and *Jack D. Elmquist,* for appellant.

*Rider, Bennett, Egan, Johnson & Arundel* and *Rodney J. Hynes,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rosengren, JJ.

PER CURIAM.

This is an action against a debtor and a guarantor to recover architectural fees for designing the Minnesota exhibit at the 1964-1965 New York World's Fair. The trial court awarded $8,834.23 to plaintiff James R. Dresser & Associates, Inc. and defendant Structural Plastics Corporation appeals.

The facts are not in dispute. In August 1963, Dresser entered a contract with defendant North Star World's Fair Corporation to design a Minnesota pavilion. North Star was a nonprofit corporation funded partly by the state and partly by private contributions. Dresser performed its contract by designing a building referred to as the "Minnesota Polyhedron." In December 1963, North Star contracted with Structural to build the pavilion for a fixed fee. By May 1964, North Star was indebted to Structural in the sum of $120,000 and to Dresser in the sum of $17,000. Consequently, North Star and Structural entered a "management contract" by the terms of which Structural was given title to the

pavilion and the right to collect revenues arising out of its operation, in return for which Structural guaranteed the collection by creditors of all current accounts payable by North Star, not to exceed $45,000.

In September 1964, Structural arranged to give Dresser 18 promissory notes, payable by North Star at the rate of $1,000 a week. Although Structural was asked to endorse the notes, it refused to do so. By November 1964, North Star had paid $8,000 on the notes. Dresser has brought this action against North Star and Structural to recover the balance of $8,834.23. At the time Dresser asserted its claim in 1965, North Star had no assets.

1. It is the claim of Structural that its contract with North Star was a guaranty of collection rather than a guaranty of payment, and Dresser must therefore exhaust its remedies against North Star. In support of this contention Structural cites Dewey v. W. B. Clark Investment Co. 48 Minn. 130, 132, 50 N. W. 1032. There, we said that the guarantor was not liable until there had been an unsatisfied execution. Holbert v. Wermerskirchen, 210 Minn. 119, 121, 297 N. W. 327, 328. The trial court in the instant case, however, held that where it is fruitless to proceed against the principal debtor, proceedings may be brought directly against the guarantor. Fall v. Youmans, 67 Minn. 83, 85, 69 N. W. 697, 698. The court held that Dresser was a third-party beneficiary under the contract between North Star and Structural. Consequently, the court was of the opinion that Dresser need not exhaust its remedies against North Star. We are in accord with these conclusions.

2. Structural argues that the giving and accepting of the notes extinguished the account with North Star and relieved Structural of any further obligation under its guaranty. No authority is cited for this contention. Although Schmidt v. McKenzie, 215 Minn. 1, 9 N. W. (2d) 1, held that any material departure from the terms of a guaranty contract will release the guarantor, we find no deviation here which was prejudicial to Structural. There was adequate consideration for the notes from which Structural benefited since Dresser was threatening to file a mechanic's lien unless the notes were furnished. Furthermore, this action was brought not only on the notes but on the underlying debt.

For the reasons stated, we are of the opinion that Dresser was relieved of its obligation to proceed against North Star before recovering from Structural, and that the judgment of the trial court should therefore be affirmed.

Affirmed.