**CONSOLIDATED FINANCIAL CORPORATION, a Minnesota Corporation, and First National Bank of Minneapolis, a Minnesota Corporation, Plaintiffs-Appellees,**

v.

**LES BYRON ASSOCIATES, INC., a Florida Corporation, and Les Byron, Sr., a/k/a Lester A. Byron, Sr., a Florida Resident, Defendants-Appellants.**

No. 78–1016
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 19, 1978.

John W. Fleming, William D. Ricker, Jr., Fort Lauderdale, Fla., for defendants-appellants.

S. Alan Stanley, John K. McDonald, Coral Gables, Fla., for plaintiffs-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendants, Les Byron Associates, Inc. and Les Byron, Sr., appeal the district court's granting of summary judgment for the plaintiffs, Consolidated Financial Corporation (C.F.C.) and First National Bank of Minneapolis in this diversity action[1] for collection on a mortgage note guaranteed by defendants. We affirm.

---

* Rule 18, 5 Cir.; *See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1.** It is undisputed the law of Minnesota applies.

On July 5, 1974, C.F.C. entered into an agreement with L.B.A. of Minnesota, Inc., Les Byron Associates, Inc., and Lester A. Byron, Sr. (Byron) in which C.F.C. agreed to provide funding for Byron and the two corporations to develop a tract of land in Minnesota. On August 1, 1974, Byron and Les Byron Associates, Inc. executed a guaranty and a mortgage note pursuant to the July 5 loan agreement. Byron and C.F.C. agreed on November 1, 1974, to extend the payment date under the July 5 loan agreement. At the same time C.F.C. assigned to the First National Bank of Minneapolis (Bank) all of its right, title and interest in the mortgage note and the loan agreement. The Bank was also a party to the time extension.

When the due date passed without the loan obligation being satisfied, plaintiffs filed suit against Les Byron Associates, Inc. and Byron as guarantors for payment of the mortgage note. Plaintiffs did not sue L.B.A. of Minnesota, Inc. which was the principal debtor under the mortgage note.

Defendants contend the district court erroneously determined that the guaranty was a guaranty of payment as opposed to a guaranty of collection. Under Minnesota law it is clear a guaranty is absolute and therefore one of payment unless it is by its terms made conditional. *Holbert v. Wermerskirchen,* 297 N.W. 327, 328 (Minn.1941). "[A] guaranty of payment . . . binds the guarantor to pay at maturity upon default of the principal debtor [Citations omitted]" *Holbert,* 297 N.W. at 328. Whereas if the guaranty is a guaranty of collection, it ". . . is conditional and binds the guarantor to pay upon the condition that the guarantee or creditor has prosecuted the debtor without success." *Holbert,* 297 N.W. at 328.

The guaranty in question here clearly states:

[T]he undersigned [Les Byron, Sr. and Les Byron Associates, Inc.] hereby *unconditionally guarantees* to CONSOLIDATED FINANCIAL CORPORATION, its successors and assigns, and every subsequent holder of said note, . . . that

all sums stated therein to be payable thereunder shall be promptly paid in full when due . . .. [Emphasis added] Appendix p. 7. Defendants assert that because the guaranty and the July 5 loan agreement were executed contemporaneously, they must be construed together. By so construing, defendants assert, the guaranty would clearly, as a matter of law, be one for collection. This contention is without merit. Without deciding whether the twenty seven day gap between the date of execution of the loan agreement and the guaranty is to be considered a contemporaneous execution, we agree with the district court's conclusion that the language of this guaranty clearly expresses a guaranty of payment, not collection, and is, therefore, an unconditional obligation of the guarantor to pay the sum due. Defendants' second assertion that summary judgment was precluded because there was at least a question of fact with respect to an alleged ambiguity between the language of the loan agreement and the guaranty is, therefore, also without merit.

AFFIRMED.